$65 required hourly trucking rate for A, B, C Material Hauling truckers. This conduct spanned the course of several contracts from September 16, 1997 through June 15, 1998. Without payment of the full hourly trucking rate, the plaintiff was unable to pay its employees the prevailing hourly wage rates as required by Massachusetts law. Over the course of that year, the plaintiff exhausted its capital and was forced out of competition for CA/T projects. In this way, the MHA and MTA violated, 23 U.S.C. § 324 and 49 CFR part 21 by excluding the plaintiff as a WBE/DBE from participation in on the CA/T, a program that receives federal funds.

60.   These regulatory violations, described in paragraphs 57 through 59 and occurring between June of 1996 and June of 1998, had a disproportionate effect on women owned businesses, including the plaintiff's business. The failure to ensure that A, B, and C Material Hauling truckers were receiving hourly trucking rates that enabled them to pay their employees the prevailing hourly wage and make required benefit contributions had a specific impact on women owned businesses. Indeed, more WBE/DBE contractors worked as A, B, and C Material Haulers than in any other trucking classification on the CA/T.

61.   As a consequence of the defendants' failure, the plaintiff suffered compensatory damages, including the loss of equipment and equipment lease options, the loss of cash related to business start up, losses related to administrative processes to bring the matter to closure, loss of corporate income, loss of income due to below market rate hourly pricing, the loss of interest, and the loss of loan payment credit.

62. The plaintiff also incurred substantial legal fees related to the protracted and long-delayed resolution of her initial Complaint filed with the FHA and related to bringing this Complaint to fruition.

## COUNT II

## VIOLATION OF PROCEDURAL DUE PROCESS CONTRARY TO 42 U.S.C. § 1983 AND THE FOURTEENTH AMENDMENT TO UNITED STATES CONSTITUTION
## (CLAIMED AGAINST MHA AND MTA)

63. The plaintiff realleges and reincorporates each of the paragraphs 1 through 62 of this Complaint as if repled herein.

64. Under the color of State law, the MHA and the MTA deprived the plaintiff of rights secured by the Constitution and the laws of the United States.

65. MTA and MHD acted under color of State law in that, as State agencies, they managed the CA/T and administered federal funds to the project.

66. The plaintiff has a life, liberty or property interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution in that, as a woman owned business, the plaintiff secured various trucking contracts to work on the CA/T, a project subject to a federal regulations requiring equal opportunities for minority and women owned businesses.

67. MTA and MHD deprived the plaintiff of this protected interest within the meaning of the Due Process Clause by failing to oversee the WBE/DBE program to ensure the effectiveness of the WBE/DBE program and to promote the growth of WBE/DBE firms. MTA and MHD failed to ensure that contractors were paying the plaintiff sufficient funds such that it could meet its legal obligations to pay employees'

SHAHEEN & GORDON, PROFESSIONAL ASSOCIATION
107 STORRS STREET, PO BOX 2703, CONCORD, NH 03302-2703 · 603-225-7262

prevailing wages. Due to this failure, the plaintiff was forced out of contracts it secured as a WBE/DBE and could not compete for additional contracts as a WBE/DBE.

68. This deprivation occurred without due process of law. MTA and MHD failed to provide adequate procedural rights prior to depriving the plaintiff of work under existing contracts and prior to depriving plaintiff of the right to compete for other contracts. Indeed, there was no process in place to guard against such deprivations.

69. To the extent that State remedies existed to redress these wrongs, they were inadequate. Massachusetts law, M.G.L. ch. 149 §27B, required contractors to maintain accurate payroll records and submit them to the awarding authority on a weekly basis. Willful violations of the law were subject to a fine of up to $10,000 and/or by imprisonment for not more than six months for a first offense and a fine of not more than $25,000 and/or by imprisonment for not more than one year for a subsequent offense under M.G.L. ch. 149 §27C. Additionally, M.G.L. ch. § 147 provided a mechanism for an employee aggrieved by violations of the law to institute a civil action against his employer. However, a review conducted by the Commonwealth of Massachusetts House Post Audit and Oversight Bureau in October of 1997 specifically found that these statutory provisions were not sufficient to ensure substantial compliance with prevailing wage laws. Specifically, the review found that "[t]he current system of prevailing wage enforcement is burdensome and in large part unenforceable." It went on to find that "[u]nder the current scheme, enforcement is especially difficult where large construction contractors and multiple contracting entities are involved."

70. As a consequence of MTA's and MHA's Due Process violations, the plaintiff suffered monetary damages, including the loss of equipment and equipment

22

lease options, the loss of cash related to business start up, losses related to administrative processes to bring the matter to closure, loss of corporate income, loss of income due to below market rate hourly pricing, the loss of interest, and the loss of loan payment credit.

71. Furthermore, as a consequence of MTA's and MHA's Due Process violations, the plaintiff is entitled to an award of reasonable attorneys' fees and costs of suit in prosecuting the present action as permitted by 42 U.S.C. § 1988.

## COUNT III

## VIOLATION OF PROCEDURAL DUE PROCESS CONTRARY TO THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION
## (CLAIMED AGAINST DEFENDANT EDWARD W. MORRIS, JR.)

72. The plaintiff realleges and reincorporates each of the paragraphs 1 through 71 of this Complaint as if repled herein.

73. Defendant Edward W. Morris, acting in his capacity as Associate Administrator for Civil Rights of FHA, deprived the plaintiff of a constitutionally protected property right, a deprivation that occurred without due process of law.

74. In his capacity as the Associate Administrator for Civil Rights, defendant Morris deprived plaintiff of a property right that the plaintiff had in legal causes of action, namely its discrimination claim for violations of Title VI of the United States Constitution as well as State law claims. Acting *pro se*, the plaintiff initiated a Complaint on or about September 27, 2000 to the FHA alleging that it was discriminated in work on the CA/T as a WBE/DBE. The Code of Federal Regulations, Title 49, Subtitle A, provides a procedure whereby the FHA is to respond to such complaints. The matter was assigned to defendant Morris. Section 21.11 of that Title requires the "prompt"

investigation. Other sections of the regulation provide enforcement mechanisms including termination of Federal financial assistance to recipients of Federal funds, such as FHA and MTA, for violations of the law after a hearing.

75.  Contrary to his obligation to promptly investigate the matter, defendant Morris took over two years to announce his investigative findings. In that time, FHA actually generated an initial report finding that discrimination had occurred. Throughout the course of the investigation, defendant Morris provided verbal assurances to the plaintiff urging the plaintiff to "bear with" the process, promising that a finding of discrimination was imminent and a remedy would be crafted to address violations of the law. Relying on these assurances, the plaintiff did not pursue other legal avenues for relief. Prior to the issuance of the final report, plaintiff made repeated requests to defendant Morris to finalize his work. Those requests were met with continued delay and inaction.

76.  Contrary to FHA's initial investigative finding of discrimination and his statements throughout the investigation, defendant Morris' final report -- issued on March 3, 2003 -- found no discrimination. However, it uncovered several other violations that he stated would be referred to other agencies. A request for reconsideration of that finding was made in a timely manner. The delay continued. Defendant Morris did not issue a decision on the plaintiff's request for reconsideration until June 19, 2003, approximately 33 months after the original Complaint was made to FHA.

77.  Following resolution of its Complaint, the plaintiff initiated a Freedom of Information Act request to the FHA to provide investigative materials it generated while it was addressing plaintiff's Complaint. It was not until April of 2004, approximately 42

months after it filed its original Complaint, that the plaintiff received documents responsive to its request for information. Even then, the plaintiff was not provided with all of the investigative materials. The materials that it did receive proved essential to the plaintiff's ability to effectively articulate its discrimination and Due Process claims.

78. Defendant Morris' dilatory policies, practices, and procedures in responding to plaintiff's Complaint resulted in substantial prejudice to plaintiff's legal claims, demonstrating a deprivation of property under the Due Process Clause and causing plaintiff irreparable harm. Indeed, in the time that has passed, witnesses have moved on from work on the CA/T and it is likely that documents have been purged and memories have faded. Moreover, relying on assurances that the investigation would be conducted in a timely manner and that a finding of discrimination was imminent, the plaintiff did not pursue available State and Federal causes of action within applicable limitations periods.

79. As a consequence of defendant Morris' Due Process violations, the plaintiff suffered monetary damages including the loss of equipment and equipment lease options, the loss of cash related to business start up, losses related to administrative processes to bring the matter to closure, loss of corporate income, loss of income due to below market rate hourly pricing, the loss of interest, and the loss of loan payment credit.

80. Furthermore, as a consequence of defendant Morris' Due Process violations, the plaintiff is entitled to an award of reasonable attorneys' fees and costs of suit in prosecuting the present action as permitted under 42 U.S.C. § 1988.

## COUNT IV

### CONSPIRACY TO DEPRIVE THE PLAINTIFF OF ITS DUE PROCESS RIGHTS UNDER THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### (CLAIM AGAINST DEFENDANTS MORRIS, GEE, BRENDA ARMSTEAD AND ARTHUR ARMSTEAD)

81. The plaintiff realleges and reincorporates each of the paragraphs 1 through 80 of this Complaint as if repled herein.

82. In their various roles with the FHA, defendants Edward Morris, Stanley Gee, Brenda Armstead and Gene Armstead conspired by agreement to engage in a course of conduct to deprive plaintiff of a right secured by the Constitution of the United States. Defendants communicated with each other regarding the plaintiff's Complaint to the FHA and coordinated the FHA's inaction in addressing the claims raised therein even after an initial FHA finding that the plaintiff was the victim of discrimination as a WBE/DBE. The FHA did not come to a final determination on the Complaint until 29 months after it was filed, it did not issue a decision on the plaintiff's request for reconsideration until 33 months after the Complaint was filed, and it did not provide documents responsive to the plaintiff's Freedom of Information Act request until 42 months after the Complaint was filed. During this time, the co-conspirators ignored repeated requests to promptly investigate the matter as well as their regulatory obligations to do so under 49 C.F.R § 29.11. They further made misrepresentations to the plaintiff regarding the status of the investigation, the fact that a finding of discrimination was forthcoming, and urged plaintiff to be patient with the process. These dilatory tactics substantially prejudiced the plaintiff's Constitutional and State law claims in the manner

described in paragraph 78 above, thereby depriving it of a property right protected by the Fifth Amendment to the United States Constitution without Due Process of law.

83. As a consequence of the Due Process violations occasioned by the co-conspirators, plaintiff suffered monetary damages including the loss of equipment and equipment lease options, the loss of cash related to business start up, losses related to administrative processes to bring the matter to closure, loss of corporate income, loss of income due to below market rate hourly pricing, the loss of interest, and the loss of loan payment credit.

WHEREFORE, plaintiff respectfully requests judgment on Count I, for the following relief:

    A. Compensatory damages, as may be proven at trial;

    B. Reasonable attorney's fees and costs of this suit as permitted by 42 U.S.C. § 1988; and

    C. Any further relief this Court may deem just, equitable, and proper.

WHEREFORE, plaintiff respectfully requests judgment on Count II, III and IV for the following relief.

    A. Monetary damages, as may be proven at trial;

    B. Reasonable attorney's fees and costs of this suit as permitted by 42 U.S.C. § 1988; and

    C. Any further relief this Court may deem just, equitable and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Respectfully submitted

DUXBURY TRUCKING, Inc.
By its attorneys,
SHAHEEN & GORDON, PA

By: _____
Arpiar G. Saunders, Jr., B.B.O. #442860
107 Storrs Street
P.O. Box 2703
Concord, NH 03302-2703
(603) 225-7262

Dated:

## **VERIFICATION**

I, Susan Martinsen, on behalf of Duxbury Trucking, Inc., verify and affirm under oath that the fact stated in this Verified Complaint are true to the best of my knowledge and belief.

_____
Susan Martinsen

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF PLYMOUTH

Subscribed and sworn before me this 25th day of September 2004

_____
Justice of the Peace/Notary Public

DEBORAH WARREN
Notary Public
Commonwealth of Massachusetts
My Commission Expires October 23, 2008

28