```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
DUXBURY TRUCKING, INC.,            )
                                   )
            Plaintiff,             )
                                   )
V.                                 )
                                   )
MASSACHUSETTS HIGHWAY DEP'T;       )
MASSACHUSETTS TURNPIKE AUTH.;      )   CA No. 04-12118-NG
EDWARD W. MORRIS, JR., FED. HIGHWAY)
ADMIN. (FORMER) ASSOC. ADM'R FOR   )
CIVIL RIGHTS; BRENDA ARMSTEAD, FED.)
HIGHWAY ADMIN., EQUAL OPPORTUNITY  )
SPECIALIST; ARTHUR "GENE" ARMSTEAD,)
FED. HIGHWAY ADMIN., EASTERN RES.  )
CTR., CIVIL RIGHTS TEAM; STANLEY   )
GEE, FEDERAL HIGHWAY ADMIN., DIST. )
ADM'R,                             )
                                   )
            Defendants.            )
_____)
```

**FEDERAL DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Federal Defendants, Edward W. Morris, Jr., Brenda Armstead, Arthur Armstead, and Stanley Gee, hereby submit this Memorandum in Support of their Motion to Dismiss the Plaintiff Duxbury Trucking, Inc.'s Complaint. They have moved, pursuant to Fed. R. Civ. P. 12(b)(2) and (6), to dismiss based on lack of personal jurisdiction and failure to state a claim.

## INTRODUCTION

Plaintiff's claims arise out of events that purportedly occurred while it, a Woman-Owned Business Enterprise, worked as a subcontractor on the Central Artery/Tunnel Project in Boston. Specifically, Plaintiff alleges, *inter alia,* that the Massachusetts Highway Department ("MHD") and the Massachusetts

Turnpike Authority ("MTA") subjected it to sex discrimination.

Plaintiff's allegations against the Federal Defendants, however, are difficult to decipher because they lack specificity. What one can gather from the Complaint is that the Plaintiff believes that it was deprived of its due process rights when the Federal Highway Administration ("FHA") denied its administrative complaint of sex discrimination by the hands of the MHD and MTA. Plaintiff, however, did not bring any claims against the FHA but rather the individuals who investigated and/or decided to dismiss the Plaintiff's administrative complaint.  Plaintiff alleges that Defendants Morris, Gee and the Armsteads, somehow conspired against the company to deprive it of its due process rights under the Fifth Amendment.  The Complaint offers no explanation of how these individuals conspired against the Plaintiff.  Plaintiff seeks monetary damages from the federal Defendants as a result of this alleged conspiracy.  For this reason and others, which are set forth below, the Court should dismiss the Complaint against all of the Federal Defendants.

**ARGUMENT**

The standard to be applied when deciding a motion to dismiss is well-established.  The court must accept the allegations of the complaint as true, viewing the alleged facts in the light most favorable to the plaintiff.  <u>Hughes v. Rowe</u>, 449 U.S. 5, 10 (1980) (per curiam).  The complaint may be dismissed only if "it

appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Harper v. Cserr, 544 F.2d 1121, 1122 (1st Cir. 1976).

**A.  PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

  **1.  The Complaint Must Be Dismissed Because It Lacks Particularity And Is Frivolous.**

The Court should dismiss the claims against Federal Defendants, Morris, the former FHA Associate Administrator for Civil Rights; Gee, FHA District Administrator; Brenda Armstead, FHA Equal Opportunity Specialist; and Arthur Armstead, former FHA Director of Civil Rights for the Eastern Resource Center. Indeed, claims against government officials alleging violations of constitutional rights cannot be founded upon conclusory, vague or general allegations. See Richards v. Harper, 864 F.2d 85, 88 (9th Cir. 1988); Kadar Corp. v. Milbury, 549 F.2d 230, 233 (1st Cir. 1977); Coyne v. United States, 233 F.Supp.2d 135, 143-144 (D. Mass. 2002)(dismissing Bivens claims where plaintiff failed to put forward any specific, nonconclusory factual allegations establishing an improper motive).

Moreover, an action may be dismissed if the claims made are "wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. 678, 683 (1946). A frivolous action is one that "lacks an arguable basis in law or in fact," one that contains either

inarguable legal conclusions or clearly baseless, 'fanciful' or 'delusional' factual allegations." Neitzke v. Williams, 490 U.S. 319, 325-26 (1989). See also Wyatt v. Boston, 35 F.3d 13, 15 n.1 (1st Cir. 1994)(citing cases where dismissal is warranted if it is "patently obvious" that plaintiff could not prevail). Insubstantial suits, such as Plaintiff's, should not be used to disrupt the effective functioning of the government by engaging the time and concerns of federal employees, and frivolous complaints should be quickly terminated. Siegert v. Gilley, 500 U.S. 226, 232 (1991)(insubstantial lawsuits against the government should be quickly terminated "to ensure that federal officials are not harassed by frivolous lawsuits").

Here, Plaintiff alleges that Defendants Morris, Gee and the Armsteads, deprived it of its due process rights under the Fifth Amendment when it denied its complaint against the MHD and the MTA. The Complaint offers absolutely no particulars of how these individuals conspired against the Plaintiff. Furthermore, their denial of Plaintiff's complaint clearly arises out of their official functions. Therefore, based on the Complaint, there does appear to be any basis for holding the Federal Defendants liable in their individual capacities.

To the extent that the Court finds that Plaintiff's claims may proceed against the Defendants in their individual capacities, Defendants require, and therefore (in the

alternative) have moved for, pursuant to Fed. R. Civ. 12(e), a more definite statement that includes specific "non-conclusory factual allegations," Crawford-El v. Britton, 523 U.S. 574, 598 (1998), regarding their conduct so that they can then move to dismiss based on the doctrine of qualified (or absolute) immunity.  See Anderson v. Creighton, 483 U.S. 635 (1987); Fabiano v. Hopkins, 352 F.3d 447 (1st Cir. 2003).

> **2.  Plaintiff's Claims Against Defendant Morris In His Official Capacity Are Barred By Sovereign Immunity.**

Plaintiff sued Defendant Morris, the former FHA Associate Administrator for Civil Rights, in his official capacity for purportedly failing to promptly (i) investigate Plaintiff's discrimination complaint and (ii) respond to Plaintiff's FOIA request.  Plaintiff alleges that these failures have deprived it of its due process rights under the Fifth Amendment.  This claim, however, is barred by sovereign immunity.

It is axiomatic that the United States is immune from suit unless it has expressly consented to be sued.  United States v. Mitchell, 445 U.S. 535, 538 (1980).  The United States has not consented to be sued for monetary damages under the Constitution, and, therefore, the doctrine of sovereign immunity bars such actions.  See FDIC v. Meyer, 510 U.S. 471, 485-486 (1994); Tapia-Tapia v. Potter, 322 F.3d 742, 745-746 (1st Cir. 2003); Am. Assoc. of Commodity Traders v. Dep't of Treasury, 598 F.2d 1233, 1235 (1st Cir. 1979).  It is well established that a suit against

a government official acting in his official capacity shall be deemed to be a suit against the United States "if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, . . . or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." Dugan v. Rank, 372 U.S. 609, 620 (1963), quoting Land v. Dollar, 330 U.S. 731, 738 (1947), and Larson v. Domestic & Foreign Corp., 337 U.S. 682, 704 (1947). Limited exceptions to this principle have been recognized, but they authorize only injunctive relief against a federal official acting in his official capacity.[1]  Monetary damages are not authorized.  Dugan, 372 U.S. at 620.  Plaintiff seeks monetary damages from Defendant Morris.  Accordingly, the Court should dismiss the claims against Defendant Morris in his official capacity.

### 3. The Federal Defendants Are Immune From Claims Brought Against Them In Their Individual Capacities.

Plaintiff alleges - without particularity - that Defendants Morris, the former FHA Associate Administrator for Civil Rights; Gee, FHA District Administrator; Brenda Armstead, FHA Equal

---

[1] The only exceptions to the principle stated in Dugan are: (1) where the disputed action by the government official is beyond his statutory powers; and (2) where even though the action is within the official's statutory authority, the powers themselves or the manner in which they are exercised are constitutionally void, in which case the action can be made the basis of a suit for injunctive relief against the officer as an individual.  Dugan, 372 U.S. at 621-622.

6

Opportunity Specialist; and Arthur Armstead, former FHA Director of Civil Rights for the Eastern Resource Center deprived it of its due process rights when they decided to deny Plaintiff's administrative complaint against the MHD and MTA.  The Court should dismiss these claims because the Complaint lacks particularity on this claims, and these defendants have a qualified immunity against suits arising from their official functions.

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate 'clearly established' statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Castro-Aponte v. Ligia-Rubero, 953 F.2d 1429, 1430 (1st Cir. 1992).[2]  In order to withstand the federal Defendants' assertion of immunity, Plaintiff's pleading must not only allege the bases for recovery, with particularity, but it must also include "detailed facts supporting the contention that the plea of immunity cannot be sustained."  Nieto v. San Perlita Indep. School Distr., 894 F.2d 174, 178 (5th Cir. 1990), aff'd after reh'g, 963 F.2d 370 (5th Cir. 1992); Nuclear Transp. & Storage, Inc. v. United States, 890

---

[2]See also Nereida-Gonzalez v. Tirado-Delgado et al., 990 F.2d 701, 704-705 (1st Cir. 1993); Buenrostro v. Collazo, 973 F.2d 39, 42 (1st Cir. 1992); Fisichelli v. Town of Methuen, 653 F. Supp. 1494, 1503 (D. Mass. 1987).

F.2d 1348, 1355 (6th Cir. 1989), cert. denied, 494 U.S. 1079 (1990); Elliot v. Perez, 751 F.2d 1472, 1482 (5th Cir. 1985). It is the plaintiff's burden to offer evidence which is sufficient to overcome the general rule of qualified immunity. Castro-Aponte, 953 F.2d at 1430 (1st Cir. 1992).

As discussed above, Plaintiff has failed to plead the alleged constitutional violations with particularity. According to the First Circuit Court of Appeals, the valid presentment of a constitutional violation requires more than the mere assertion of tortious actions. It requires "an ability to show that defendants' conduct was 'so egregious as to subject the individual to a deprivation of constitutional dimension.'" Morales v. Ramirez, 906 F.2d 784, 788 (1st Cir. 1990), quoting Torres v. Superintendent of Police, 893 F.2d 404, 409 (1st Cir. 1990). In order to meet the constitutional threshold, the actions must "substantively 'shock the conscience.'" Id. A close examination of the Complaint shows that Plaintiff has not alleged facts which would set aside the presumption of qualified immunity for the Federal Defendants. Accordingly, the Court should dismiss the claims against them.

**B.  THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS MORRIS AND THE ARMSTEADS.**

Plaintiff has not, and cannot, show any basis for exercising jurisdiction over Defendants Morris and the Armsteads in their individual capacities. See Glaros v. Perse, 628 F.2d 679 (1st

Cir. 1980); Grove Press, Inc. v. Angleton, 649 F.2d 121, 123 (2d Cir. 1981).  These Defendants reside and work (or worked) outside Massachusetts.  See Complaint ¶¶ 10,11,13.  Moreover, no allegation has been made that any of them took any steps against Plaintiff within the District of Massachusetts, or otherwise had the necessary minimum contacts to satisfy the Massachusetts long-arm jurisdiction statute.  See generally Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75 (1985) (due process requires that defendant purposely establish contact with the forum state; fortuitous or attenuated contact insufficient).

To subject a non-resident to jurisdiction, due process requires that the defendant have minimum contacts with the forum state of such a character that maintaining the lawsuit does not offend "traditional concepts of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  "Minimum contacts" signifies that there has been "some act by which the defendant purposefully [availed himself] of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws."  Hanson v. Denckla, 357 U.S. 235, 253 (1958); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  Plaintiff has made no allegations of any such purposeful contact with this state; therefore, all counts as to Defendants Morris and the Armsteads should be dismissed.

9

## CONCLUSION

Accordingly, for the reasons articulated above, the Complaint should be dismissed.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By: /s/ Damian W. Wilmot
>DAMIAN W. WILMOT
>Assistant U.S. Attorney
>Moakley Federal Courthouse
>One Courthouse Way, Suite 9200
>Boston, MA 02210
>(617) 748-3100

Dated: January 3, 2005

## CERTIFICATION UNDER L.R. 7.1

I certify that in accordance with Local Rule 7.1, on December 22, 2004, and January 3, 2005, I have conferred with Plaintiff's counsel and have attempted in good faith to resolve the issues addressed in this Motion.

>/s/ Damian W. Wilmot
>DAMIAN W. WILMOT
>Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

Suffolk, ss.                                    Boston, Massachusetts
                                                January 3, 2005

I certify that on January 3, 2005, I caused a copy of the foregoing Answer to be served on Plaintiff's Attorney, Arpiar G. Saunders, Jr., Shaheen & Gordon, PA, 107 Storrs Street, P.O. Box 2703, Concord, NH 03302-2703, by first class mail, postage pre-paid.

>/s/ Damian W. Wilmot
>DAMIAN W. WILMOT
>Assistant U.S. Attorney