UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB -3 P 3: 28

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| DUXBURY TRUCKING, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MASSACHUSETTS HIGHWAY DEPARTMENT; ) <br> MASSACHUSETTS TURNPIKE AUTHORITY; ) <br> EDWARD W. MORRIS, JR., FEDERAL HIGHWAY ) <br> ADMINISTRATION, (FORMER) ASSOCIATE ) <br> ADMINSTRATOR FOR CIVIL RIGHTS; BRENDA ) <br> ARMSTEAD, FEDERAL HIGHWAY ) <br> ADMINISTRATION, EQUAL OPPORTUNITY ) <br> SPECIALIST; ARTHUR "GENE" ARMSTEAD, ) <br> FEDERAL HIGHWAY ADMINISTRATION, ) <br> EASTERN RESOURCE CENTER, CIVIL RIGHTS ) <br> TEAM; STANLEY GEE, FEDERAL HIGHWAY ) <br> ADMINISTRATION, DISTRICT ADMINISTRATOR, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. 04-12118NG |

## MOTION TO DISMISS ALL CLAIMS AGAINST DEFENDANT
## THE MASSACHUSETTS TURNPIKE AUTHORITY

Defendant the Massachusetts Turnpike Authority (the "Authority") hereby moves to dismiss all claims against the Authority pursuant to Fed. R. Civ. P. 12(b)(6) because plaintiff Duxbury Trucking, Inc. ("Duxbury") has failed to state a claim upon which relief can be granted. Duxbury's gender discrimination claim under 23 U.S.C. § 324 (Count I of the Complaint) must fail, because the plaintiff has not, and cannot, allege intentional gender discrimination by the Authority, which is a necessary element of a claim under Section 324. Likewise, the plaintiff's second claim, that the Authority denied it procedural due process in relation to several contracts

that Duxbury had with private contractors on the Central Artery/Tunnel Project (Count II of the Complaint), also fails, because Duxbury has not, and cannot, identify a constitutionally protected property interest of which the Authority deprived it without due process. This Count fails to state a claim for the further reason that it does not allege sufficiently that any actions or omissions by the Authority actually caused the loss of any such alleged property right. Finally, even if the Court finds that one or both causes of action survives those deficiencies, the Complaint should still be dismissed because the statute of limitations for both claims has run.

For these reasons, as more fully set forth in the Authority's accompanying Memorandum of Defendant the Massachusetts Turnpike Authority in Support of Its Motion to Dismiss, the Authority respectfully requests that this Court dismiss each of the claims against the Authority (Counts I and II of the Complaint) with prejudice.

## LOCAL RULE 7.1(B) CERTIFICATION

On February 3, 2005, undersigned counsel for the Authority conferred with Arpiar G. Saunders, Jr., counsel for the plaintiff and attempted in good faith to narrow the issues addressed in this motion.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

## REQUEST FOR ORAL ARGUMENT

The Authority believes that oral argument will assist the Court in the disposition of this motion, and requests that the Court schedule a hearing on this motion.

        THE MASSACHUSETTS TURNPIKE
        AUTHORITY

        By its attorneys,

        /s/ Peter N. Kochansky
        Neil V. McKittrick, BBO #551386
        Peter N. Kochansky, BBO #647008
        GOULSTON & STORRS,
        A Professional Corporation
        400 Atlantic Avenue
        Boston, Massachusetts 02110
        (617) 482-1776

Dated: February 3, 2005

### Certification of Service

I hereby certify that a true copy of the above document was served on February 3, 2005 by overnight mail sent to Arpiar G. Saunders, Jr., Esq., Shaheen & Gordon, P.A., 107 Storrs Street, Concord, NH 03302-2703, and by courier to all other counsel of record.

/s/ Peter N. Kochansky
Peter N. Kochansky

GSDOCS-1450953-1