UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Duxbury Trucking, Inc., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Massachusetts Highway Department, et al., )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 04-12118-NG |

**PLAINTIFF'S MOTION TO AMEND COMPLAINT**

NOW COMES Plaintiff Duxbury Trucking, by and through counsel Shaheen & Gordon, P.A., and respectfully requests that this Honorable Court grant Plaintiff's motion to amend her Complaint pursuant to Federal Rule of Civil Procedure 15(a) and (c).  In support thereof, Plaintiff states the following:

1. Plaintiff filed her original Complaint before this Court on October 5, 2004.

2. Through inadvertence and mistake, Plaintiff did not name individual defendants within the defendant Massachusetts Highway Department ("MHD") and Massachusetts Turnpike Authority ("MTA").

3. A deficient pleading may be construed "as to do substantial justice." F.R.C.P. 8(f).  The First Circuit has ruled, "[t]he district court is required to construe pleadings liberally.  It is not fatal to a complaint that a legal theory has been mischaracterized or that the precise language invoking jurisdiction has not been used." Torres Ramirez v. Bermudez Garcia, 898 F. 2d 224, 226-27 (1st Cir. 1990).  See also

Jones v. State of Louisiana, 764 F.2d 1183, 1185-86 (5th Cir. 1985) (Court permitted amendment of technically deficient complaint pursuant to F.R.C.P. 15(a) based on liberal construction due to pleadings, pursuant to F.R.C.P. 8).

    4.    A plaintiff may amend a complaint to make technical changes in naming a defendant. See Oppenheimer Mendez v. Acevedo, 512 F.2d 1373, 1374 n. 1 (1st Cir. 1975).

    5.    In this case, Plaintiff seeks to make the following changes with all paragraph numbers to refer to the Amended Complaint:

    a) Add defendant Patricia O'Brien, former Director of the Office of Civil Rights of the MHD, in ¶ 9.

    b) Add defendant Lorenzo Parra, Director of the Office of Civil Rights of the MTA, in ¶11.

    c) Name federal defendants Morris, Brenda Armstead, Gee and Arthur Armstead in their individual capacities only in ¶¶12 – 15.

    d) Amend ¶ 57 to state that defendants O'Brien and Parra violated federal regulations by failing to conduct reviews to determine the effectiveness of Title VI programs.

    e) Amend ¶ 60 to state that defendants O'Brien and Parra violated federal regulations by failing to conduct reviews to determine the effectiveness of Title VI programs even after the "Uplift Agreement" in 1997.

    f) Amend ¶ 66 to state that defendants O'Brien and Parra deprived plaintiff of her constitutionally protected rights.

      g) Amend ¶ 69 to state that defendants O'Brien and Parra deprived plaintiff of her constitutionally protected rights when they failed to ensure the effectiveness of the disadvantaged business enterprise program ("WBE/DBE program").

6. These amendments are proper because they do not cause undue prejudice to the defendants, and relate back to the original complaint pursuant to F.R.C.P. 15(c)(3). <u>Mountain Cable Co. v. Public Service Board of the State of Vermont</u>, 242 F. Supp. 2d 400, 407 (D. Vt. 2003). There is little chance of prejudice because defendants O'Brien and Parra are very likely aware of the instant suit as federal officials interviewed both in 2001 and 2002 to produce government reports regarding plaintiff's claims of discrimination.[1] Furthermore, the factual allegations in the Amended Complaint are virtually identical to the factual allegations in the original complaint. Plaintiff does not name any new legal theories or causes of action in the Amended Complaint. Plaintiff only seeks to amend her Complaint to include the individual defendants whose actions violated her constitutional rights.

WHEREFORE Plaintiff Duxbury Trucking respectfully requests that this Honorable Court to:

      a) Grant Plaintiff's Motion to Amend the Complaint; and

      b) Grant any other relief that this Court deems just and proper.

---

[1] The identities of Ms. O'Brien and Mr. Parra and their involvement in the claims made by the plaintiff were discovered in the documents obtained by plaintiff under the Freedom of Information Act ("FOIA"). As noted in plaintiff's pleadings in this matter, plaintiff's last FOIA request from the federal defendants remains outstanding for over fourteen months.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | Duxbury Trucking, Inc.<br>By Its Attorneys:<br>SHAHEEN & GORDON, P.A. |
| DATED:  April 14, 2005 | /s/ Arpiar G. Saunders, Jr._____<br>Arpiar G. Saunders, Jr.<br>Bar No. 442860<br>107 Storrs Street<br>P.O. Box 2703<br>Concord, NH 03302-2703<br>(603) 225-7262<br>asaunders@shaheengordon.com |

CERTIFICATION UNDER L.R. 7.1

I certify that in accordance with Local Rule 7.1, on April 12, I attempted to confer with the defendants' counsel to seek their concurrence for this motion.  Counsel for the defendant MTA did not concur with this motion and counsel for the federal defendants and for the defendant MHD did not return phone calls seeking their concurrence.

/s/ Arpiar G. Saunders, Jr._____

*G:\clients\Duxbury Trucking Company, Inc\Motion to amend complaint.doc*