| | 8/20 | 21 | 22 | 23 |
|---|---|---|---|---|
| Monday | Tuesday | Wednesday | Thursday | Friday |
| | 8:30a- 10:00a<br><br>MHD Arranged by Trish O'Brien At (617) 973-7339<br><MHD Legal Conference Room, 3rd floor> | 8a – 10a 9a<br>①<br>Federal Law Enforcement Agents, Ted Doherty at (617) 494-2940<br>② 9-10<br>AG's office, Dan Field at (617) 727-2200 ext – 3508 | 8:30a – 10:30a | Free for follow-up and additional sessions as warranted |
| Arrival | 10:00a to 11:30a<br><br>SOMWBA (DBE Certifications), Joanne Thompson at (617) 973-8646<br><MHD Legal Conference Room, 3rd floor> | 10a – 11-00a<br>③<br>Jim (Junior and Senior) Rhoderick (781) 834-0200<br><our conference room> | | |
| 2:00p<br><br>Meet with Complainant, Roy Martinsen and Jim Rhoderick,<br><our conference room> | 1p – 3p<br><br>Linda and Norman Reed (508) 958-4044<br><our conference room> | 11:00a – 12:00a<br>④<br>Sue Martinsen<br><our conference room><br><br>Lunch<br>⑤ | 2:30p – 4:30p<br><br>CIM (AGC) – off-site in Norwood Ma.<br><br>Arranged by John Pourbaix at (617) 551-0182 | Modern Perini |
| | 3p – 5p<br><br>Ted Webster (617) 839-7157<br><our conference room> | 2p – 4:30p<br>MTA and ~~potential reps from AG's~~ office Arranged by Kimberly Fialky at (617) 951-6182 | | |

4.  **BASIS**

    Sex - Female

5.  **STANDARDS**

To prove a violation of Title VI, evidence of intent must be obtained, however, the provisions of 49 CFR 21, DOT's regulations implementing Title VI and on which we rely to effectuate Title VI and 23 U.S.C. 324, is an impact-based regulation, which relies on the concept of disparate impact: that is treatment which is neutral on its face but discriminatory in impact.

Disparate treatment and disparate impact, involving treating affected parties in ways different from others who are similarly situated based on race, color, sex, or national origin, is illegal under Title VI and 23 U.S.C. 324.
*( Revise to include standard language.)*

6.  **BACKGROUND**

a. After her husband pursued their concerns in numerous forums with the management of the Central Artery/Third Harbor Tunnel Project (the "Big Dig"), the State Attorney General's Office, the Massachusetts Highway Department (MHD), the Massachusetts Turnpike Authority (MTA), the Federal Bureau of Investigation (FBI), the Labor and Racketeering Section of the U.S. Department of Labor's (DOL's) Office of the Inspector General (OIG), the DOT's OIG, and FHWA's Office of Chief Counsel, Mrs. Sue Martinsen filed a complaint of discrimination with the Department of Transportation on September 27, 2000.

Although the deadline for filing a discrimination complaint on the issues raised by Mrs. Martinsen had long passed, the nature of the allegations, generally, and more specific information obtained as part of the fact-finding warranted accepting the complaint for action in the interest of justice. The date Mrs. Martinsen filed her concerns with the DOT's OIG is considered the date of filing and FHWA has jurisdiction over the matters raised in the initial complaint and some of the subsequently raised allegations.

Information provided in a series of oral statements by Mrs. Martinsen and her husband, Roy, indicated that the case was not as simple as the allegations originally filed. In attempts to obtain information on the matters raised by the complainant and her husband, the field investigator made contact with representatives of other Federal agencies and offices with which the Martinsens had been in contact. Unfortunately, a draft version of the field investigator's initial findings and his conclusions was shared with another agency and a copy found its way into the hands of Mr. Martinsen. The problems inherent in the premature release of the uncoordinated and un-reviewed **draft** report were compounded by several tables in the draft report reflecting the field investigator's suppositions and

2