UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C. A. No. 04-CV12118 NG

| | |
|---|---|
| **DUXBURY TRUCKING INC.,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| **MASSACHUSETTS HIGHWAY DEPARTMENT; MASSACHUSETTS TURNPIKE AUTHORITY; EDWARD W. MORRIS, JR., FEDERAL HIGHWAY ADMINISTRATION, (FORMER) ASSOCIATE ADMINISTRATOR FOR CIVIL RIGHTS; BRENDA ARMSTEAD, FEDERAL HIGHWAY ADMINISTRATION, EQUAL OPPORTUNITY SPECIALIST; ARTHUR "GENE" ARMSTEAD, FEDERAL HIGHWAY ADMINISTRATION, EASTERN RESOURCE CENTER, CIVIL RIGHTS TEAM; STANLEY GEE, FEDERAL HIGHWAY ADMINISTRATION, DISTRICT ADMINISTRATOR,** | ) |
| **Defendants.** | ) |

**POST-HEARING MEMORANDUM OF LAW OF DEFENDANT MASSACHUSETTS HIGHWAY DEPARTMENT.**

Defendant Massachusetts Highway Department ("MHD") submits this supplemental memorandum of law as requested by the Court in its order dated June 10, 2005 (Gertner, J.).

I.     **Duxbury's concessions concerning its WBE status and contracts.**

Duxbury's concessions at oral argument further support MHD's position that Duxbury fails to

allege sufficient facts to support its claims of discrimination on the basis of sex or deprivation of property without due process of law.

Duxbury was only certified as a WBE on April 1, 1998. Complaint, ¶ 28. Duxbury now concedes that only the contracts it entered into after receiving certified WBE status are applicable to its claims. Duxbury alleges that its year long relationship with Modern Continental included several contracts dated September 16, 1997, September 19, 1997, January 17, 1998 and June 15, 1998 respectively. Of those contracts, only one (June 15, 1998) appears to have post-dated Duxbury's receipt of WBE status. Duxbury alleges that the "regulatory violations . . . occurring between June of 1996 and June of 1998, had a disproportionate effect on women-owned businesses, including [Duxbury].". Id. at ¶ 60 (emphasis applied).[1] Duxbury fails to specify with particularity any regulatory violations by MHD between the date of its certification as a WBE on April 1, 1998 and the June 15, 1998 contract. And, even if proven, Duxbury's allegations at best make out a case of disparate treatment. Irrespective of the dates of the contracts, Duxbury fails to allege that MHD engaged in any acts of intentional discrimination against Duxbury as a certified WBE. It is well-settled that Title VI only reaches instances of intentional discrimination.[2] See Alexander v. Sandoval, 532 U.S. 275, 281 (2001). Consequently, Duxbury fails to allege a Title VI claim for sex discrimination against MHD.

As outlined in more detail its Memorandum of Law in Support of its Motion to Dismiss,

---

[1] Similarly, Duxbury alleges that "the defendants violated agency regulations that prohibit actions that have the effect of treating people of different genders differently." Complaint, ¶ 55 (emphasis applied).

[2] Duxbury appears to concede the point in its Opposition to MHD's Motion to Dismiss. See Pl.'s Opp'n to MHD's Mot. to Dismiss at p. 8.

however, MHD further argues that Duxbury's sex discrimination claim against MHD is barred by the Eleventh Amendment because congressional intent to abrogate a State's Eleventh Amendment immunity is not "unmistakably clear in the language of [23 U.S.C. § 324]." Seminole Tribe of Florida v. Florida. 517 U.S. 44, 56 (1996)(emphasis applied); Comfort ex rel. Neumyer v. Lynn School, 131 F.Supp.2d 253, 254 (D.Mass. 2001). As the Court noted in Comfort, Congress has provided: "'A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of . . . Title VI of the Civil Rights Act of 1964.'" Id. at 254 n.3, quoting 42 U.S.C. § 2000d-7(a)(1). Here, however, Duxbury brings its sex discrimination claim for a violation of 23 U.S.C. § 324, not Title VI. Section 324 expressly provides that it is enforceable "through agency provisions and rules similar to those already established . . . under title VI." 23 U.S.C. § 324 (emphasis applied). As such, § 324 clearly envisages more than a mere "piggybacking" on Title VI.

As regards Duxbury's due process claim, even assuming the truth of Duxbury's allegations and irrespective of the dates of the contracts, Duxbury fails to state a claim of deprivation of property for the purposes of the Fourteenth Amendment. Duxbury alleges, in essence, that MHD failed to ensure that contractors met their legal obligations to comply with the Prevailing Wage Law and failed to oversee the WBE/DBE program. Complaint, ¶ 67. As a result, Duxbury suffered monetary damages. Id. at ¶ 70. However, MHD had no authority to ensure compliance with the Prevailing Wage Law by the prime contractors or any contractors above Duxbury. And, MHD clearly could not ensure that any such contractors met their own contractual or other regulatory obligations to their employees. Such allegations are entirely insufficient to make out a claim that MHD deprived Duxbury of property without due process.

Even assuming that Duxbury's allegations are sufficient to make out a due process claim, however, as a state agency MHD is not a "person" subject to suit under § 1983. See Will v. Michigan, 491 U.S. 58, 71 (1989); Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002); Converse Constr. Co. v. Massachusetts Bay Transp. Auth., 899 F.Supp. 753, 762 (D.Mass. 1995). Consequently, Duxbury's due process claim against MHD, brought under § 1983, is barred as a matter of law.[3]

## II. Plaintiff Duxbury Trucking, Inc. is barred from enforcing M.G.L. c. 149, §§ 26, 27 as a private attorney general.

During oral argument and in its Opposition to MHD's Motion to Dismiss, Plaintiff Duxbury Trucking, Inc. ("Duxbury") argues that Duxbury is entitled to bring its sex discrimination claim as a private attorney general. See Pl.'s Opp'n to MHD's Mot. to Dismiss at p. 8. General responsibility for enforcement of M.G.L. c. 149, §§ 26, 27, the Massachusetts Prevailing Wage Law ("Prevailing Wage Law"), lies with the attorney general's office. See G.L. c. 149, § 27; Felix A. Marino Co., Inc. v. Comm'r of Labor and Indus., 426 Mass. 458, 460, 689 N.E.2d 495, 496 (1998). Section 27 does

---

[3] Duxbury's motion to amend its complaint to add Patricia O'Brien ("O'Brien"), former Director of MHD's Office of Civil Rights, is to no avail. To the extent Duxbury seeks to sue O'Brien for money damages in her official capacity, any § 1983 claim against her is barred because, as a state official, she is not a "person" liable to suit under § 1983. See Will v. Michigan, 491 U.S. at 71. Any due process claim under § 1983 against O'Brien in her individual capacity is also barred for the following reasons: First, Duxbury fails to allege sufficient facts that O'Brien was personally involved in any due process violations and *respondeat superior* is insufficient to impose supervisor liability in § 1983 claims. See Bowen v. City of Manchester, 966 F.2d 13 (1st Cir. 1992); Doe v. D'Agostino, 367 F.Supp. 157, 170 (D.Mass. 2005). Second, any proposed procedural due process claim against O'Brien in her individual capacity is barred by the availability of adequate remedies in state law, such as an action in tort. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Cronin v. Town of Amesbury, 81 F.3d 257, 260 (1st Cir. 1996). Further, any sex discrimination claim against O'Brien pursuant to 23 U.S.C. § 324, whether in her official or individual capacity, is barred for the same reasons as those outlined in connection with MHD.

provide that, after filing a complaint with the attorney general and within three years of a § 27 violation, an <u>employee</u> claiming to be aggrieved by a violation of § 27 may, in certain limited circumstances, prosecute in his own name and on his or her own behalf, or for himself or herself and for others similarly situated a civil action for injunctive relief and damages. See G.L. c. 149, § 27.[4]  Here, however, Duxbury is unable to bring such an action. First, Duxbury is not an employee claiming to be aggrieved by a violation of § 27. Rather, as alleged in its complaint, Duxbury is a sub-contractor that was unable to continue working on the Central Artery/Tunnel Project because of certain alleged violations of the Prevailing Wage Law. Any civil action alleging a violation of § 27 would thus have to be brought by the respective prime contractors' employees. Second, Duxbury fails to allege it has filed a complaint with the attorney general and certainly, any civil action which Duxbury proposes to bring is well beyond the three year time limit provided by § 27. Thus, Duxbury alleges that the latest regulatory violation occurred in June, 1998. Complaint, ¶ 60.

Consequently, Duxbury is unable to enforce the Prevailing Wage Law as a private attorney general. Nor does Duxbury cite any relevant legal authority supporting the proposition that any other regulations referenced in its complaint are enforceable by Duxbury as a private attorney general.

## **CONCLUSION**

For the reasons outlined above and in its Memorandum of Law in Support of its Motion to Dismiss, MHD respectfully requests the Court to dismiss Duxbury's claims against MHD.

---

[4] M.G.L. c. 149, § 27C(a)(3), as amended, also imposes certain penalties on "any contractor or subcontractor" convicted of willfully violating any provision contained in §§ 26, 27, 27A, 27B, 27F, 27G, 27H or 148B. However, § 27C(a)(3) specifies that "[t]he attorney general may take such action as may be necessary to enforce the provisions of this paragraph." M.G.L. c. 149, § 27C(a)(3).

                    Respectfully Submitted,

                    COMMONWEALTH OF MASSACHUSETTS,
                    MASSACHUSETTS HIGHWAY DEPARTMENT

                    By its Attorneys

                    THOMAS F. REILLY
                    ATTORNEY GENERAL

                    /s/ David B. Stanhill
                    David B. Stanhill, BBO # 654187
                    Assistant Attorney General
                    Government Bureau/Trial Division
                    One Ashburton Place, Rm. 1813
                    Boston, MA 02108
                    (617) 727-2200, Ext. 3319

Date: June 17, 2005

## CERTIFICATE OF SERVICE

     I, David B. Stanhill, Assistant Attorney General, hereby certify that I have this day, June 17, 2005, served the foregoing **document**, upon all parties, by mailing a copy, first class, postage prepaid, to Arpiar G. Saunders, Jr., Esq., Shaheen & Gordon, P.A., 107 Storrs Street, Concord, NH 03302-2703 and to all other counsel of record.

                    /s/ David B. Stanhill
                    David B. Stanhill