UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DUXBURY TRUCKING, INC., <br><br> Plaintiff, <br><br> v. <br><br> MASSACHUSETTS HIGHWAY DEPARTMENT; MASSACHUSETTS TURNPIKE AUTHORITY; EDWARD W. MORRIS, JR., FEDERAL HIGHWAY ADMINISTRATION, (FORMER) ASSOCIATE ADMINSTRATOR FOR CIVIL RIGHTS; BRENDA ARMSTEAD, FEDERAL HIGHWAY ADMINISTRATION, EQUAL OPPORTUNITY SPECIALIST; ARTHUR "GENE" ARMSTEAD, FEDERAL HIGHWAY ADMINISTRATION, EASTERN RESOURCE CENTER, CIVIL RIGHTS TEAM; STANLEY GEE, FEDERAL HIGHWAY ADMINISTRATION, DISTRICT ADMINISTRATOR, <br><br> Defendants. | CIVIL ACTION NO. 04-12118NG |

### SUPPLEMENTAL MEMORANDUM OF DEFENDANT THE MASSACHUSETTS TURNPIKE AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS

The Massachusetts Turnpike Authority's (the "Authority") Motion to Dismiss argued that the plaintiff, Duxbury Trucking, Inc.'s ("Duxbury") Complaint against the Authority must be dismissed because it fails to set forth essential facts to support the elements of its two claims against the Authority, which were brought under 23 U.S.C. § 324 ("Section 324") and the Due Process Clause of the U.S. Constitution. Duxbury did nothing at the hearing on the Authority's Motion to Dismiss to provide the Court with the missing elements of its claims. Plaintiff's counsel conceded that Duxbury does not allege intentional discrimination, which is necessary, as a matter of law, to state a claim under Section 324, the gender discrimination counterpart to Title

VI, 42 U.S.C. §2000d, and Duxbury even acknowledged that Supreme Court precedent makes clear that no private right of action is available for a disparate impact claim. Instead of offering any facts to establish the necessary, and missing, elements of its gender discrimination claim, Duxbury contends that it may rely on a "private attorney general" theory to prosecute these claims. However, this novel theory has no basis in state or federal law, as discussed below, and it therefore cannot save Duxbury's Section 324 claim here.

Likewise, Duxbury has failed, as it did in its Complaint, to identify a property interest that the Due Process clause protects. Thus, Duxbury's second count against the Authority also lacks an essential element. Nor did Duxbury explain at the hearing how the Authority caused the alleged deprivation of a constitutionally protected property right. Finally, the plaintiff did not offer any reason why the Court should not hold that the statute of limitations – at least with respect to the Authority – expired long before this case was filed. Therefore, based on the Authority's initial papers and the hearing on this matter, Duxbury's Complaint against the Authority should be dismissed.[1]

### 1. Because the "Private Attorney General" Theory Has No Application to this Case, the Court Should Dismiss Duxbury's Gender Discrimination Claim.

In its initial papers, the Authority demonstrated that Section 324 provides a private right of action only for instances of intentional discrimination. See Alexander v. Choate, 469 U.S. 287, 293 (1985). See also Alexander v. Sandoval, 532 U.S. 275, 280 (2001). At the hearing, plaintiff's counsel conceded that Duxbury does not allege intentional gender discrimination. See Transcript at 29, attached hereto as **Exhibit A**. Duxbury's counsel also admitted that Section

---

[1] In its Order, the Court directed the parties to address the relative timing of the execution of the contracts that are the subject of the Complaint and the date that the plaintiff received its WBE status. While the Court is correct that only contracts entered into after the plaintiff received its WBE status are relevant to the plaintiff's claims, the Complaint alleges that it entered into one contract (on June 15, 1998) after its certification as a WBE on April 1, 1998. See Complaint at ¶ 41. Of course, the fact that Duxbury entered into one contract after it obtained its WBE status is a necessary, but not sufficient, condition precedent to stating a Section 324 claim. Duxbury still must allege intentional discrimination in that contract, which it does not do.

324 and Title VI do not permit private rights of action to enforce the disparate impact provisions of their regulations.[2] See id. at 30. Having conceded that the federal statutes pursuant to which Duxbury brought its gender discrimination claim provides no private right of action that fits its allegations, Duxbury shifted at the hearing to assert a "private attorney general" theory of recovery. The Court should reject that theory.

The only federal case that Duxbury cites in support of its private attorney general theory does not stand for the proposition that private parties can sue to enforce regulations without having a cognizable cause of action. Rather, the case, Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001), instead stands for the completely irrelevant proposition that, when a civil rights plaintiff vindicates important public rights, and obtains equitable relief, that result is sufficient to achieve prevailing party status under the federal fee-shifting statute, 42 U.S.C. § 1988. Duxbury provides no other support for its theory that by using the magic words "private attorney general" it can create a private right of action for a disparate impact claim under Title VI, despite the Supreme Court's clear holding in Sandoval that no such right exists.

As far as the Authority understands Duxbury's private attorney general theory, it is meant to save Duxbury's federal discrimination and due process claims. Massachusetts law does not provide a broad state law cause of action to enforce federal statutes. See Local 1445 v. Police Chief of Natick, 563 N.E.2d 693, 695-96 (Mass. App. Ct. 1991) (a private plaintiff may bring a claim as a private attorney general *only* when a state statute explicitly grants that power). The plaintiff has not brought any state law claims; the only state statute that is at all relevant to this case, the Prevailing Wage Law, M.G.L. c. 149, §§ 26, 27, does not provide Duxbury with any support for a private attorney general theory. The Prevailing Wage Law is primarily enforced by

---

[2] Compliance with the DBE/WBE regulations is a condition of federal funding, and the regulations governing those obligations provide the Federal Highway Administration with a number of enforcement mechanisms, including the termination of federal funding to a recipient that fails to comply with the regulations. See 49 CFR §26.101. As the Sandoval, case made clear, however, Congress has not provided a private right of action to enforce these regulations.

the Attorney General.  See M.G.L. c. 149, § 27.  The statute provides that "[a]ny employee claiming to be aggrieved by a violation of this section may, at the expiration of ninety days after the filing of a complaint with the attorney general, or sooner if the attorney general assents in writing, and within three years of such violation," bring a private action under the statute.  See id.  That state law cause of action does not help Duxbury in this case for several reasons.  First, Duxbury has not brought a claim in this action under the Prevailing Wage Law.  Second, Duxbury is not an "employee" who was owed the prevailing wage, but rather an employer who had an obligation to pay the prevailing wage to its own employees.  See Complaint ¶ 33.  Third, Duxbury has not alleged that it filed either a complaint with the Attorney General or a subsequent civil action within the time periods dictated by the Prevailing Wage Law.  Because there is no authority that allows the plaintiff to avoid dismissal of its complaint simply by claiming to be a "private attorney general," as if the mere incantation of those words confers on it a cause of action it has not pleaded and cannot satisfy, this count must be dismissed.

2.  **The Court Should Also Dismiss the Due Process Claim Against the Authority because Duxbury Has Not Alleged Any Facts to Support the Authority's Role in an Alleged Due Process Violation.**

At the hearing, Duxbury failed to identify a constitutionally-protected property interest of which the defendants deprived it, and did not articulate a coherent theory of causation.  In addition, the Court brought to light another deficiency in the plaintiff's Due Process case: Duxbury has not alleged that the Authority in any way contributed to the alleged failure of the federal defendants to complete its investigation of the plaintiff's Federal Highway Administration complaint in a timely manner.  Asked whether he would concede that the Authority played no role in that delay, plaintiff's counsel admitted that, despite having reviewed 1,400 pages of documents received pursuant to Duxbury's FOIA request, he did not "have any documents at this point that suggest that the federal folks, when they came here to do their

investigation, experienced delays in getting information from the state. . . ." Transcript at 35, **Exhibit A**. Yet, counsel for Duxbury refused to give up on the *possibility* that Duxbury might one day come across such a fact. See id. at 35-36. Given the complete absence of any alleged facts to suggest that the Authority contributed to any Due Process violation, and, therefore, Duxbury's inability to plead the Authority's complicity in what Duxbury alleges was a scheme to delay, this Court should not permit this case to continue against the Authority. At most, Duxbury seeks to engage in a hopeless fishing expedition, lacking as it does any evidence that the Authority was in any way responsible for any part of the alleged delay in resolving Duxbury's FHA complaint.

## CONCLUSION

For the reasons set forth above and in the Authority's initial Memorandum in Support of Its Motion to Dismiss, the Court should dismiss with prejudice each of the plaintiff's claims against the Authority (Counts I and II of the Complaint) pursuant to Fed. R. Civ. P. 12(b)(6).

        THE MASSACHUSETTS TURNPIKE
        AUTHORITY

        By its attorneys,

        */s/ Peter N. Kochansky*
        Neil V. McKittrick, BBO #551386
        Peter N. Kochansky, BBO #647008
        GOULSTON & STORRS,
        A Professional Corporation
        400 Atlantic Avenue
        Boston, Massachusetts 02110
        (617) 482-1776

Dated: June 20, 2005

### Certification of Service

I hereby certify that a true copy of the above document was served on June 20, 2005 by overnight mail sent to Arpiar G. Saunders, Jr., Esq., Shaheen & Gordon, P.A., 107 Storrs Street, Concord, NH 03302-2703, and by courier to all other counsel of record.

        */s/ Peter N. Kochansky*
        Peter N. Kochansky