UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C. A. No. 04-CV12118 NG

| | |
|---|---|
| **DUXBURY TRUCKING INC.,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| MASSACHUSETTS HIGHWAY DEPARTMENT; MASSACHUSETTS TURNPIKE AUTHORITY; EDWARD W. MORRIS, JR., FEDERAL HIGHWAY ADMINISTRATION, (FORMER) ASSOCIATE ADMINISTRATOR FOR CIVIL RIGHTS; BRENDA ARMSTEAD, FEDERAL HIGHWAY ADMINISTRATION, EQUAL OPPORTUNITY SPECIALIST; ARTHUR "GENE" ARMSTEAD, FEDERAL HIGHWAY ADMINISTRATION, EASTERN RESOURCE CENTER, CIVIL RIGHTS TEAM; STANLEY GEE, FEDERAL HIGHWAY ADMINISTRATION, DISTRICT ADMINISTRATOR et al | ) |
| **Defendants.** | ) |

**DEFENDANT MASSACHUSETTS HIGHWAY DEPARTMENT'S MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)**

Pursuant to Fed. R. Civ. P. 54(b), Defendant Massachusetts Highway Department ("MHD") hereby moves for entry of final judgment as to Plaintiff Duxbury Trucking, Inc.'s ("Duxbury") procedural due process claim (Count II) brought against MHD under 42 U.S.C. § 1983.[1] As grounds for its motion, MHD states that the Court lacks subject matter jurisdiction

---

[1] In bringing this motion, MHD acknowledges that the Court has granted Duxbury's motion to amend its complaint to add various named officials in their individual capacities.

over Duxbury's § 1983 claim against MHD. As further grounds for its motion, MHD states that there is no just reason for delay in entry of judgment dismissing Duxbury's due process claim against MHD.

In this action, Duxbury asserts two claims against MHD: (1) a claim for sex discrimination in violation of 23 U.S.C. § 324; and (2) a procedural due process claim brought under § 1983. In its memorandum and order dated September 13, 2005, this Court (Gertner, J.) granted MHD's motion to dismiss Duxbury's sex discrimination claim against MHD. *Mem. and Order Re: Motions to Dismiss* at 17. And, for the purposes of Duxbury's due process claim against MHD, the Court recognized that "a state agency is not a 'person' subject to suit under § 1983." *Id.* at 28. *See also O'Neill v. Baker*, 210 F.3d 41, 47 (1st Cir. 2000)(dismissing claims for injunctive and monetary relief against a state agency, stating "[t]he Supreme Court has clearly said that the Eleventh Amendment bars federal suits by citizens against the state or state agencies and that this jurisdictional bar applies regardless of the nature of the relief sought" (internal quotations omitted)). As MHD, a state agency, is not a "person" subject to suit under § 1983, the Court lacks subject matter jurisdiction over Duxbury's due process claim against MHD.

For the foregoing reasons, MHD respectfully requests the Court to enter final judgment dismissing Duxbury's due process claim against MHD.

        Respectfully Submitted,

        COMMONWEALTH OF MASSACHUSETTS,
        MASSACHUSETTS HIGHWAY DEPARTMENT

        By its Attorneys

        THOMAS F. REILLY
        ATTORNEY GENERAL


        /s/David B. Stanhill
        David B. Stanhill, BBO#654187
        Assistant Attorney General
        Government Bureau/Trial Division
        One Ashburton Place, Rm. 1813
        Boston, MA 02114
        (617) 727-2200, ext. 3319

Dated: September 20, 2005.


## CERTIFICATE OF SERVICE

    I, David B. Stanhill, Assistant Attorney General, hereby certify that I have this day, September 20, 2005, served the foregoing **document**, upon the Plaintiff, by mailing a true copy via First Class Mail to Arpiar G. Saunders, Jr., Esq., Shaheen & Gordon, P.A., 107 Storrs Street, Concord, NH 03302-2703, and to all other counsel of record.

        /s/David B.Stanhill
        David B. Stanhill
        Assistant Attorney General

## LOCAL RULE 7.1(a)(2) CERTIFICATION

    I, David B. Stanhill, Assistant Attorney General, hereby certify that I have complied with the requirements of Local Rule 7.1(A)(2) by contacting the plaintiff's attorney, Arpiar G. Saunders, Jr., in an attempt to narrow the issues addressed by this motion.

        /s/David B.Stanhill
        David B. Stanhill
        Assistant Attorney General