UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DUXBURY TRUCKING INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> MASSACHUSETTS HIGHWAY DEPARTMENT, : <br> MASSACHUSETTS TURNPIKE AUTHORITY, : <br> EDWARD W. MORRIS, JR. Federal Highway : <br> Administration, (Former Associate Administrator : <br> For Civil Rights), BRENDA ARMSTEAD, Federal : <br> Highway Administration, Equal Opportunity : <br> Specialist, ARTHUR ("GENE") ARMSTEAD, : <br> Federal Highway Administration, Civil Rights : <br> Team, STANLEY GEE, Federal Highway : <br> Administration, District Administrator, : <br> COMMONWEALTH OF MASSACHUSETTS, : <br> FEDERAL HIGHWAY ADMINISTRATION, : <br> : <br> Defendants. : | C.A. No. 04-12118(NG) |

### DECLARATION OF BRENDA ARMSTEAD

I, Brenda Armstead, declare the following:

1. I am a defendant in the above-entitled lawsuit. I have been employed with the United States Department of Transportation, Federal Highway Administration (FHWA), Office of Civil Rights, since 1990. I make this declaration based on my personal knowledge with respect to my involvement in this case.

2. I am employed by the FHWA as an equal opportunity specialist. I currently serve as the Director for Investigations and Adjudications in the Office of Civil Rights. I have held this position since November 2001. As Director, I am responsible for processing all

complaints of discrimination under Title VI of the Civil Rights Act of 1964 and the American with Disabilities Act of 1990 that are filed by persons outside of the United States Department of Transportation against the recipients of Federal funding from FHWA. I also manage FHWA's equal employment opportunity program, develop and provide training on civil rights enforcement, and provide technical assistance to state transportation departments on compliance with Title VI and ADA requirements.

3.      On or about September 27, 2000, the FHWA received a complaint from Mrs. Susan Martinsen, Duxbury Trucking, Inc., alleging she had been discriminated against on the basis of sex by the Massachusetts Highway Department, a state transportation agency that receives Federal financial assistance from FHWA. As is the practice of the agency, the complaint was reviewed to determine whether it should be accepted for investigation. On November 15, 2000, the Office of Civil Rights sent a letter to Mrs. Martinsen acknowledging receipt of her complaint and advising her that I was assigned to investigate the complaint. At that time – before I became the Director -- I was the only investigator in the Office of Civil Rights conducting investigations of Title VI complaints. On average, the Office of Civil Rights processes about 40 Title VI complaints per year and about 50 ADA complaints per year.

4.      On February 21, 2001, I forwarded the Martinsen complaint to the Eastern Resource Center Manager, Mr. Robert Callan, in Baltimore, Maryland for investigation. Within the FHWA organization, there are four resource centers located in various regions of the country that provide technical support and assistance to the 52 state level FHWA division offices that oversee the administration of the Federal-aid highway program by the state transportation departments. The Martinsen complaint was referred to the

Eastern Resource Center for several reasons: first, I was managing a heavy caseload and needed some assistance; second, I believed that the individuals in the Center's Civil Rights Unit possessed the knowledge, skills, and abilities needed to conduct a Title VI investigation; and third, the activities of that Center covered states along the northeastern seaboard, which included Massachusetts, where both the complainant and the respondent were located.

5. The Martensen complaint was assigned to Mr. Peter Silva for investigation. When Mr. Silva completed his investigation, he forwarded the investigative file and his recommended findings to the Office of Civil Rights for review sometime in September 2001. Under US DOT and FHWA policy, the Associate Administrator for Civil Rights, Edward W. Morris, Jr., or his designee, would issue any final agency decision on the matter.

6. It was my responsibility to review the investigative file and recommended decision provided by Mr. Silva and, if all of the information necessary to make a decision was contained therein, to prepare a Letter of Finding for signature by the Associate Administrator for Civil Rights. Based on my review, I concluded that the investigation did not adequately address the Title VI requirements for investigations – specifically there was no comparative data contained in the investigative file. I determined a further investigation was needed.

7. I decided to conduct my own on-site investigation of the complaint. I scheduled an on-site for February 5 through 7, 2002 in Boston, Massachusetts. Mr. Silva accompanied me at the insistence of Mr. Martinsen, the complainant's husband. I interviewed Mrs. Martinsen on February 6, 2002. I interviewed Massachusetts state

representatives on February 7, 2002. I obtained additional information from the Massachusetts Highway Department during my on-site visit. Based on my analysis of that information, in April 2002, I submitted to the Associate Administrator a draft investigative report that concluded the evidence did not support a finding of discrimination under Title VI. I also recommended that the complaint be referred to other Federal agencies with responsibility for addressing some of the issues raised in the complaint – agencies such as the Department of Labor's Wage and Hour Division/Office and the Department of Justice's Antitrust Division.

8. Mr. Morris decided that further investigation was warranted and he took over the case. I had no further input into the investigation of the Martinsen complaint.

9. While Mr. Martinsen would frequently call about the investigation of his wife's complaint, I do not recall discussing with Mr. or Mrs. Martinsen my findings or the findings of Mr. Silva. Investigators are instructed that at no time is the investigator to inform the complainant of the recommended finding because it may change before a final decision is made.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 19 day of October, 2005 in Washington, D.C.

*Brenda Armstead*
Brenda Armstead

4