UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DUXBURY TRUCKING INC., :<br>:<br>   Plaintiff, :<br>:<br>v. :<br>:<br>MASSACHUSETTS HIGHWAY DEPARTMENT, :<br>MASSACHUSETTS TURNPIKE AUTHORITY, :<br>EDWARD W. MORRIS, JR. Federal Highway :<br>Administration, (Former Associate Administrator :<br>For Civil Rights), BRENDA ARMSTEAD, Federal :<br>Highway Administration, Equal Opportunity :<br>Specialist, ARTHUR ("GENE") ARMSTEAD, :<br>Federal Highway Administration, Civil Rights :<br>Team, STANLEY GEE, Federal Highway :<br>Administration, District Administrator, :<br>COMMONWEALTH OF MASSACHUSETTS, :<br>FEDERAL HIGHWAY ADMINISTRATION, :<br>:<br>   Defendants. : | C.A. No. 04-12118(NG) |

## DECLARATION OF PETER SILVA

PETER SILVA, declares and states under penalty of perjury as follows:

   1. I am a Civil Rights Specialist with the Federal Highway Administration ("FHWA") of the United States Department of Transportation. I am assigned to the Eastern Resource Center in Baltimore, Maryland. I began my career with FHWA in January 2000 and my duties include providing technical assistance to other FHWA offices and State agencies in complying with various contract and Civil Rights program requirements. I have also been trained in conducting investigations of discrimination under Title VI of the Civil Rights Act of 1964.

2. In March 2001, Mr. Arthur Armstead, the Civil Rights Team Leader for the Eastern Resource Center, assigned to me the task of conducting a Title VI investigation pertaining to a complaint from Duxbury Trucking Inc. That complaint had been received in the department headquarters in Washington D.C. and had been forward to the Civil Rights unit in the resource center for investigation and recommendation. I conducted an extensive investigation that included examination of documents, interviews with state and federal personnel, and discussions with the complainant. I completed my draft report and in September 2001, sent it to the Director of Civil Rights in Washington, D.C. The Director is responsible for issuing the final report. I also discussed my findings with FHWA division office personnel in Massachusetts. At no time did anyone within FHWA request that I change my recommended findings.

3. Upon receipt of my draft report, Mr. Edward Morris, the Director of Civil Rights, sought some additional information and clarification from me with respect to the report. Ultimately, I understand that Mr. Morris determined that a new investigation would be required due to his ongoing concerns with aspects of my findings. I was not involved in the subsequent investigation by Mr. Morris other than to answer some questions with respect to my draft report. I further understand that the Office of Civil Rights did find issues with respect to contract administration on Central Artery projects but did not find violations of Title VI concerning the complainant, Duxbury Trucking Inc.

4. At no time did I discuss my specific findings with the complainant, representatives, or her husband, including any recommendations or purported violations. Further, no one within the agency ever discussed with me attempts to mislead the

2

complainant, Duxbury Trucking Inc. or any of its employees, or methods to insure that the complaint would not be processed in accordance with established procedures.

Executed on the 20 day of October 2005.

_____
PETER SILVA