UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DUXBURY TRUCKING INC.,          :
                                :
   Plaintiff,                   :
                                :
v.                              :
                                :
MASSACHUSETTS HIGHWAY DEPARTMENT,    :   C.A. No. 04-12118(NG)
MASSACHUSETTS TURNPIKE AUTHORITY,    :
EDWARD W. MORRIS, JR. Federal Highway :
Administration, (Former Associate Administrator :
For Civil Rights). BRENDA ARMSTEAD, Federal :
Highway Administration, Equal Opportunity :
Specialist, ARTHUR ("GENE") ARMSTEAD, :
Federal Highway Administration, Civil Rights :
Team, STANLEY GEE, Federal Highway :
Administration, District Administrator, :
COMMONWEALTH OF MASSACHUSETTS, :
FEDERAL HIGHWAY ADMINISTRATION, :
                                :
   Defendants.                  :

## DECLARATION OF STAN GEE

Stanley Gee, under penalty of perjury, pursuant to the United States Code, hereby declares and states as follows.

1.    I am one of the defendants in the above captioned matter. I currently serve as the Division Administrator for the Federal Highway Administration ("FHWA") Division Office in Massachusetts.

2.    As Division Administrator ("DA") I am responsible for administering the Federal-aid Highway Program in Massachusetts, a $500 million annual grant-in-aid

program. This includes oversight of the program to insure that there has been compliance with all applicable law and regulations.

3. However, the investigation of Title VI complaints has not been delegated to the FHWA Division Offices. All investigations must be processed through our Washington, D.C. Headquarters. They are then referred to trained investigators who conduct the investigation and ultimately prepare the final report.

4. I had no personal knowledge of the FHWA investigation into the Title VI complaint of Duxbury Trucking. I was aware that Peter Silva from the Eastern Resource Center initially conducted the investigation but only provided minor logistical support for his investigation. That included providing files when requested and permitting use of Division Office facilities.

5. I did not discuss the results of his investigation but was aware that a follow-up investigation was conducted by defendants Brenda Armstead and Ed Morris. Again, we only provided logistical support to Ms. Armstead and Mr. Morris. I never discussed the complaint with Mr. Morris or Mr. Silva and was not interviewed in connection with the investigation. The only time I became aware of the results of the investigation was when I received a copy of the final report from our Office of Civil Rights.

6. I never discussed the investigation with Mr Martinsen, primarily because I had no personal knowledge of the investigation or the status of the investigation. Although Mr. Martinsen called the Massachusetts FHWA office frequently, he primarily spoke to our Division Office Civil Rights personnel.

7.  I never misled Mr. Martinsen as to the contents of the investigatory report or as to our role in preparing the report which was non-existent. To my knowledge Mrs. Martinsen never called the office with respect to any inquiries regarding the complaint. Further, I never discussed the contents of the report while it was being prepared by either Mr. Silva or Mr. Morris.

The foregoing is true and correct under penalty of perjury.

Dated: 10/18/05

_____
Stanley Gee