U.S. Department
of Transportation

**Federal Highway Administration**

400 Seventh St., S.W.
Washington, D.C. 20590

JUN 1 8 2003

### CERTIFIED MAIL RETURN RECEIPT REQUESTED

Arpiar G. Saunders, Jr., Esq.
Shaheen & Gordon P.A.
Two Capital Plaza
P. O. Box 2703
Concord, NH 03302-2703

Refer to: HCR-1

RE: Complaint #DOT 2001-0003

Dear Mr. Saunders:

    This is in reply to your request that the FHWA Office of Civil Rights reconsider the findings made and conclusions reached regarding the discrimination complaint filed by your client Mrs. Susan Martinsen. After a fairly extensive investigation, we concluded that there is insufficient evidence of discrimination by the Massachusetts Highway Department (or its sub recipients and contractors involved in the Central Artery/Ted Williams Tunnel Project) against your client on the basis of gender or by virtue of your client's status as a disadvantaged business enterprise (DBE). In your reconsideration request, you raise a number of questions about the decision we reached. However, no additional information or analysis relevant to Mrs. Martinsen's complaint was provided to us; nor was any claim made by your client that evidence presented was not properly considered.

    Many of the matters raised in the reconsideration request are being referred to other appropriate agencies (i.e., the falsification of payroll records, the manner in which trucking rates are set) or will be the subject of a separate review by other offices within FHWA. We note that some of the allegations regarding DBE program administration (i.e., the claim that DBEs are not allowed to fairly compete for contracts) and issues of contract compliance have been reviewed by the FHWA Massachusetts Division Office and were disposed of in a letter dated November 2, 2000, to the complainant's representative Roy Martinsen.

    We have considered the matters you raised and determined that there is no basis for modifying the findings and conclusions set out in our letter dated February 27, 2003. Under a disparate treatment or disparate impact theory of discrimination, comparative evidence of the disparity in treatment (absent direct evidence of discriminatory intent) or effect between members of the protected and non-protected groups is needed. Evidence that male owned firms or non-DBEs received dissimilar treatment or were not adversely impacted to the same extent that women owned firms or DBEs generally were impacted arguably would permit an inference of discrimination. MHD would then have to articulate a legitimate, non-discriminatory reason for its actions, policies, or practices that



complainant claims are discriminatory; and this office would determine whether, based on the evidence, the explanation provided by MHD is a pretext for discrimination. The investigation of this complaint produced insufficient evidence from which such an inference of discrimination can be made in the absence of any comparative evidence or analysis. Moreover, during the course of the investigation, the complainant acknowledged that similarly situated male owned DBEs and non-DBE trucking firms are treated the same and that her gender was not a factor in the treatment of her firm.

The Modern Continental loan was an agreement between the complainant, her husband, and Modern Continental. While no evidence was found of any similar loans being offered by or negotiated between Modern Continental and male owned DBEs or non-DBEs, no evidence was presented by the Martinsens of how the loan or its terms and conditions might have been discriminatory. The issue was not raised in the initial complaint, and the agreement was entered into between the Martinsens and Modern Continental freely and without duress.

Based on the foregoing, we reaffirm our previous determination. The complaint is closed.

Sincerely yours,

Edward W. Morris, Jr.
Associate Administrator for Civil Rights

FHWA:HCR-1:Emorris:ljp:60693:6/18/03
Location:Microsoft Word:D:MyFiles\Decision on Reconsideration Request1
cc: HCR-1 Official file
HCR-1 RF
HCR-20 RF
HCC-1 (Robinson)