Federal Highway Adm 10/12/2005 2:03 PAGE 8/15 Fax: 518.431.4121
Case 1:04-cv-12118-NG   Document 37-14   Filed 10/21/2005   Page 1 of 8
10/07/05 16:44 FAX 202 366 7489    CHIEF COUNSEL    Received 10/07/2005 04:31PM in 05:58 on line [1] for GENERAL_DELIVERY * Pg 8/15    ☒003



**U.S. Department
of Transportation
Federal Highway
Administration**

NOV 18 2003

400 Seventh St., S.W.
Washington, D.C. 20590

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Mr. Arpiar G. Saunders
Shaheen & Gordon
Two Capital Plaza
PO Box 2703
Concord, NH 03302-2703

RE: Freedom of Information Act Request No. 2003-0096 and 2003-0100

Dear Mr. Saunders:

This correspondence is in response to the above-referenced Freedom of Information Act (FOIA) request dated June 23, 2003, for "copies of all documents in the possession of the Department of Transportation's Federal Highway Administration ("USDOT") concerning the investigation into Duxbury Trucking, Inc.'s September 27, 2000, Complaint against the Massachusetts Highway Department and USDOT's subsequent investigation into Duxbury Trucking, Inc.'s request for reconsideration of USDOT's findings dated April 1, 2003." The Federal Highway Administration (FHWA) Office of Civil Rights received this letter, directed to the Executive Director of the FHWA, on October 7, 2003.

Due to the related subject matter, your subsequent request dated June 26, 2003, for "a copy of the Memorandum dated June 23, 2003, from the Cambridge Office of FHWA addressed to Edward Morris, Jr., pertaining to the 'Big Dig' project trucking issue and payment issue related to the same" is being processed simultaneously with your June 23rd request pursuant to 49 C.F.R. §7.33(c). The FHWA Office of Civil Rights received this letter, directed to the FHWA Executive Director, on July 3, 2003.

Due to the related subject matter, your subsequent request dated October 3, 2003, for "the Minutes and/or Memorandum of a meeting on December 17 or 18, 2002, between yourself, Peter Silva, Arthur Armstead and Attorney Joanne Robinson regarding the Martinsen/Duxbury Trucking Company, Inc., Complaint" is being processed simultaneously with your June 23rd request pursuant to 49 C.F.R. §7.33(c). The FHWA Office of Civil Rights received this letter, directed to the FHWA Associate Administrator for Civil Rights on October 3, 2003.

We apologize for the delay in processing this response, which was caused by the need to consult with the FHWA Massachusetts Division Office and the FHWA Resource Center in Baltimore, Maryland, and our office of Management Programs and Analysis on all three (3) of your requests. For ease of discussion each request is addressed separately below.



Federal Highway Adm 10/12/2005 2:03 PAGE 9/15 Fax: 518.431.4121
Case 1:04-cv-12118-NG Document 37-14 Filed 10/21/2005 Page 2 of 8

Received 10/07/2005 04:31PM in 05:58 on line [1] for GENERAL_DELIVERY * Pg 9/15
10/07/05 16:45 FAX 202 386 7499   CHIEF COUNSEL   ☒009

2

### Request dated June 23, 2003:

The FHWA Office of Civil Rights has located 2,255 pages that are responsive to your request. Of this total, 1,890 pages are appropriate for release. The Social Security Numbers and other personal identifying data on these records (e.g., home addresses and telephone numbers) have been redacted pursuant to 5 U.S.C. 552(b)(6) and 49 C.F.R §7.13(c)(6).

Of the remaining total, 365 pages are being withheld in their entirety in accordance with the deliberative process privilege, (5 U.S.C. §552(b)(5) and 49 C.F.R. §7.13(c)(5)). Two requirements must be met before an agency may invoke the deliberative process privilege. The documents must be predecisional and deliberative. The documents and information you requested as part of your FOIA request dated June 23, 2003, are pre-decisional in nature because they will play a vital role in the agency's final report regarding the situation in Boston. This information is deemed "deliberative" in nature because it contains comments and opinions that are subject to review and may or may not form part of the final report. The deliberative process privilege has three specific policy purposes: (1) to encourage open, frank discussions on matters of policy between subordinates and superiors; (2) to protect against premature disclosure of proposed policies before they are finally adopted; and (3) to protect against public confusion that might result from disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's decision. A premature or unauthorized release of these materials could cause harm to the Government's deliberative process by releasing information, which could possibly be inaccurate, misleading or prejudicial.

An index of the documents withheld is appended as Enclosure 1.

### Request dated June 26, 2003:

Enclosed at 2 you will find the releasable portions of the document you requested. Redacted information is withheld in accordance with (5 U.S.C. §552(b)(5) and 49 CFR §7.13 (c)(5)). The remainder of the document is being released in its entirety.

### Request dated October 3, 2003:

Based on the information provided, the FHWA Office of Civil Rights conducted a search of its files located in Room 4132 and was unable to locate any documents that were responsive to your request.

### Processing Fees:

With regard to your request for an explanation of the previously estimated time and costs associated with processing this request, the FHWA Office of Civil Rights has been charged with responding to all three (3) of your requests. However, in accordance with the FOIA, an agency

Federal Highway Adm 10/12/2005 2:03 PAGE 10/15 Fax: 518.431.4121
Case 1:04-cv-12118-NG   Document 37-14   Filed 10/21/2005   Page 3 of 8

Received 10/07/2005 04:31PM in 05:58 on line [1] for GENERAL_DELIVERY * Pg 10/15
10/07/05 16:45 FAX 202 366 7499     CHIEF COUNSEL                               @010

3

must undertake a search that is reasonably calculated to uncover all relevant documents. (5 U.S.C. §552 and 49 CFR §7.14) While there is no requirement that an agency search every record system, an agency cannot limit its search to only one record system if there are others that are likely to have the information requested. In other words, if an agency has reason to know that certain places may contain responsive documents, it is obligated under the FOIA to search those places barring an undue burden (5 U.S.C.552). In this case, in order to provide an estimate of the fees that could be charged, the FHWA Office of Civil Rights had to consult with the Office of the Chief Counsel to determine whether documents exist that are responsive to your request.

The FOIA fees previously calculated were done in accordance with the US Department of Transportation Regulations at 49 C.F.R. §7.43. Ordinarily, since your request falls outside of the commercial use or favored categories, the agency would be authorized to charge you for the time associated with searching for documents that are responsive to your request (the first two hours are free under 49 C.F.R. §7.44(a); and $0.10 per page in duplication costs. However, in this case, the estimate of fees was sent prior to notifying you in accordance with 49 C.F.R. §7.42. Therefore, the agency will only charge you for the cost of duplication. The duplication costs for the 1,890 pages referenced above is $179.00 ($0.10 x 1,790 - the first 100 pages are free pursuant to 49 CFR §7.44(c)). If you would like copies of these records, kindly forward a check, made payable to the "US Treasury" in the amount of $179.00. Please contact me within 15 working days to clarify whether you are interested in all or a portion of these documents. Enclosure 3 is the calculation sheet.

The person responsible for these determinations is the undersigned. Pursuant to the regulations of the Department of Transportation, 49 CFR §7.21, you have the right to appeal this determination to Mr. Michael J. Vecchietti, Associate Administrator for Administration, FHWA, 400 Seventh Street, S.W., Washington, DC 20590. Should you wish to appeal, his decision will be administratively final. Your appeal must be in writing and must be submitted within thirty (30) days after receipt of this letter and must include all information and arguments relied upon in making the appeal.

Sincerely yours,

Edward W. Morris, Jr.
Associate Administrator for Civil Rights

3 Enclosures   FHWA:HCR-1:Emorris:ljp:60693:11/17/03
               Location:Microsoft Word\D\MyFiles\Saunders FOIA Request
               Cc:   HCR-1 Official file (Morris)
                     HCR-1 RF
                     HCR-40 RF
                     HCC-1 RF (Robinson)
                     HOA-3 (Wright)
                     Fields (HCC)
                     Layne (HAIM)

Federal Highway Adm 10/12/2005 2:03 PAGE 11/15 Fax: 518.431.4121
Case 1:04-cv-12118-NG    Document 37-14    Filed 10/21/2005    Page 4 of 8
Received 10/07/2005 04:31PM in 05:58 on line [1] for GENERAL_DELIVERY * Pg 11/15
10/07/05 16:45 FAX 202 366 7499    CHIEF COUNSEL    @011

Enclosure 1

## FOIA Request No. 2001-0100
## Documents Withheld

| Document Number | Type of Document | Date | Author | Topic | Number Of Pages | Basis of Withholding |
|---|---|---|---|---|---|---|
| 1 | E-mail | 7/30/01 | Morris, Ed | Central Artery Complaint (Duxbury Trucking, Inc.) | 3 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 2 | E-mail | 10/31/01 | Silva, Pete | Duxbury Trucking | 2 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 3 | Hand-written note | 11/13/? | Morris, Ed | Duxbury Trucking | 3 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 4 | E-mail | 11/14/01 | Armstead, Brenda | Questions about Duxbury | 4 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 5 | E-Mail | 11/18/01 | Silva, Pete | Duxbury Summary | 4 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 6 | E-mail | 11/19/01 | Morris, Ed | Duxbury Summary | 1 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 7 | E-mail | 2/13/02 | Armstead, Arthur | Duxbury Trucking Meeting (2-6-02) | 4 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 8 | E-mail | 2/13/02 | Silva, Pete | Duxbury Trucking Meeting (2-6-02) | 4 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 9 | E-mail | 2/26/02 | Morris, Ed | Duxbury | 1 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 10 | E-mail | 2/26/02 | Armstead, | Sue Martinson Complaint | 2 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |

Federal Highway Adm 10/12/2005 2:03 PAGE 12/15 Fax: 518.431.4121
Case 1:04-cv-12118-NG  Document 37-14  Filed 10/21/2005  Page 5 of 8
10/07/05 16:46 FAX 202 366 7499   CHIEF COUNSEL
Received 10/07/2005 04:31PM in 05:58 on line [1] for GENERAL_DELIVERY * Pg 12/15
☒012

| | | | | | |
|---|---|---|---|---|---|
| | | | Arthur | | CFR §7.13(c)(5) |
| 11 | E-mail | 2/26/02 | Armstead, Arthur | Sue Martinson Complaint | 1 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 12 | E-mail | 2/26/02 | Armstead, Arthur | Duxbury | 1 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 13 | E-mail | 2/26/02 | Morris, Ed | Sue Martinson Complaint | 1 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 14 | E-mail | 2/26/02 | Silva, Pete | Duxbury | 1 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 15 | E-mail | 2/26/02 | Morris, Ed | Sue Martinson Complaint | 1 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 16 | E-mail | 2/26/02 | Armstead, Arthur | Duxbury | 1 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 17 | E-mail | 2/27/02 | Armstead, Arthur | Duxbury | 2 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 18 | E-mail | 2/28/02 | Morris, Ed | Unauthorized Disclosure of Investigative File | 2 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 19 | E-mail | 9/9/02 | Robinson, Joanne | Outline on Duxbury Trucking Investigative Report and Findings | 16 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 20 | E-mail | 8/14/03 | Robinson, Joanne | Duxbury Trucking | 1 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 21 | Hand-written Note | | | Exhibits, misc | 10 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 22 | Memo | | Civil Rights | Investigative Chronology | 4 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 23 | Hand-written Note | | | Background on complaint | 1 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |

Federal Highway Adm 10/12/2005 2:03 PAGE 13/15 Fax: 518.431.4121
Case 1:04-cv-12118-NG   Document 37-14   Filed 10/21/2005   Page 6 of 8
10/07/05 16:46 FAX 202 386 7499 CHIEF COUNSEL
Received 10/07/2005 04:31PM in 05:58 on line [1] for GENERAL_DELIVERY * Pg 13/15
@013

| | | | | |
|---|---|---|---|---|
| 24 | Typed Notes | | Duxbury Notes | 2 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 25 | Typed Questions | | Investigative Questions | 7 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 26 | PowerPoint Slides | | Lessons Learned: A case-study of the potentially awful impacts of misguided good intentions | 15 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 27 | Typed Document | | Investigative Report – draft | 5 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 28 | Typed Document | | Investigative Report – draft | 7 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 29 | Typed Document | | Duxbury Loan from MC | 2 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 30 | Typed Document | | Summary of Interview with Mrs. Sue Martinsen | 33 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 31 | Typed Document w/Handwritten Note | | Investigative Report | 126 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 32 | Typed Document | | Section of Investigative Report | 55 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |
| 33 | Typed Document | | 3 Sections of Investigative Report | 68 | 5 U.S.C. §552 (b)(5), and 49 CFR §7.13(c)(5) |

Federal Highway Adm 10/12/2005 2:03 PAGE 14/15 Fax: 518.431.4121
Case 1:04-cv-12118-NG   Document 37-14   Filed 10/21/2005   Page 7 of 8

10/07/05   16:46 FAX 202 366 7499   CHIEF COUNSEL
Received 10/07/2005 04:31PM in 05:58 on line [1] for GENERAL_DELIVERY * Pg 14/15
☒014

ENCLOSURE 2

Sent: Monday, June 23, 2003 1:23 PM
To: Morris, Ed
Cc: Silva, Edward; Gottschall, Carl; 'jwright@bigdig.com'
Subject: ▓▓▓▓ Trucking Success
Importance: High

I am pleased to report that Modern Continental has begun to cure its payment problem with the DBE firm ▓▓▓▓▓▓▓▓▓▓. As of last week, ▓▓▓▓▓▓▓▓▓▓ received over $80,000 in long over due payments for completed work under CA/T contract C09C2. This successful effort was the result of quick action on the part of the MTA in response to inquiries and requests from the MA Division. As of last Wednesday, ▓▓▓▓▓▓▓▓▓▓ was temporarily unable to meet its payroll, operating expenses, and sub-contractor payments because of Modern's late payments. Fortunately, payments received in the remainder of that week helped ▓▓▓▓▓▓▓▓▓▓ partially recover and restore operations.

MTA Trucking Issues Coordinator Teresa Shanley and supervisor Jack Wright are proceeding rapidly to work out a payment schedule for the balance of outstanding invoices and examine any underlying problems with respect to overtime, tolls, and prevailing wages required under Division 1 provisions of Modern's contract with the MHD. MTA has required that Modern develop and submit its proposed payment schedule in the next two weeks.

However, based on my own examination of ▓▓▓▓▓ invoices already submitted to Modern Continental, it is clear that Modern has failed in its duty to comply with some major Division 1 provisions of CA/T Contract C09C2. Accordingly, Modern may already be in material breach of its contract with MHD and its subcontractors. Since DBE firms appear to constitute the largest segment of trucking subcontractors, I have asked the MTA Office of Civil Rights to make their compliance reviews available for inspection/examination. I have also requested clarification from Modern and the MTA.

While it does not appear that ▓▓▓▓▓ has been a victim of direct discrimination, it is possible that all trucking firms may have experienced similar delays. Since the preponderance of effects may already have adversely affected the DBE trucking community, I am proceeding to document these conditions through the efforts of MTA and their Office of Civil Rights in coordination with MHD Office of Civil Rights.

I expect to refer these findings to FHWA contract management for appropriate contract enforcement action. I shall directly evaluate the actions of the MTA Office of Civil Rights and take appropriate action, as required. Cases of intentional and willful violations will be bound over to the Office of Inspector General for criminal prosecution consideration.

Federal Highway Adm  10/07/2005 2:03 PAGE 15/15 Fax 518 431 4121
Case 1:04-cv-12118-NG   Document 37-14   Filed 10/21/2005   Page 8 of 8

10/07/05  16:47 FAX 202 366 7499   CHIEF COUNSEL   Received 10/07/2005 04:31PM in 05:58 on line [1] for GENERAL_DELIVERY * Pg 15/15   ☒013

# FOIA FEE CALCULATION WORKSHEET

U.S. Department of Transportation
Federal Highway Administration

Control No. 2003-0100    Requester Name: Saunders, Arpine G.    Date of Request: July 24, 2003

Type of Requester: O

## FEES

|   | Estimated | Actual |
|---|---|---|
| 1. Search a. Manual  24 | $1,335.75 | $ —0— |
| b. Computer | $ | $ |
| c. Total Search | $ | $ |
| 2. Review  10 | $513.75 | $ —0— |
| 3. Duplication a. Photocopy 896 | $ — | $179 |
| b. Computer | $ | $ |
| c. Other | $ | $ |
| d. Total Duplication | $ | $ |
| 4. Certified Copies | $ | $ |
| 5. Other (e.g. Express Mail) | $ | $ |
| 6. Grand Total | $2,048.50 | $179 |
| 7. Amount Waived or Reduced | $ — | $1,869.50 |
| 8. Payable | $ — | $179 |

## FEE AGGREGATION REQUIRED?
☐ Yes   ☐ No

## PRIOR FEES UNPAID?
☐ Yes   ☒ No

## PAYMENT

## ADVANCE NOTIFICATION OF FEES REQUIRED?
☐ Yes   ☐ No

FHWA-1553 (5-2000)