

U.S. Department
of Transportation

**Federal Highway
Administration**

NOV 4 2005

RECEIVED

NOV 1 0 2005

In Reply Refer To:
HCC-40

**<u>VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED</u>**

Arpiar G. Saunders, Jr.
Shaheen & Gordon
107 Storrs Street
P.O. Box 2703
Concord, NH  03302-2703

**Re: FOIA Request Nos. 2004-0092**

Dear Mr. Saunders:

This letter is in response to your correspondence dated March 29, 2004, that was directed to my Office of
Civil Rights (OCR), Federal Highway Administration (FHWA).  By letter dated April 19, 2004, the
FHWA acknowledged your letter.  By letter dated January 27, 2005, you in part inquired about the status
of your FOIA request.  We apologize for the delay in providing this response.

In your March 2004 letter, you inquired why various documents "were not included in the production" of
records in response to your prior Freedom of Information Act (FOIA) requests.  We have carefully
reviewed your requests.  While we believe they fall within the scope of your prior FOIA request (No.
2003-0100) dated June 23, 2003, the FHWA now interprets your letter to be a new request, rather than an
appeal of my office's November 18, 2003, decision regarding your prior FOIA requests (numbered 2003-
0096 and 2003-0100).  (FHWA's November 2003 decision is enclosed for your convenience.)  Following
the review of your requests (**set forth in bold**) and our previous decision, we make the following
determination regarding each request:

1.   **"Draft investigative report of Ms. Martinsen's Complaint prepared by Peter Silva,
     assigned FMHA [sic] Investigator."**

Response - The documents were listed as items #31, 32, and 33  in Enclosure No. 1 to
FHWA's FOIA  Decision dated November 18, 2003.  According to 5 U.S.C. §552(b)(5)
and 49 C.F.R. §7.13(c)(5), a document is exempt from disclosure, as part of the
deliberative process, where 1) "[t]he communication [is] pre-decisional or antecedent to
the adoption of an Agency policy"; and 2) "[t]he communication is deliberative" (i.e. part
of the deliberative process in that it makes recommendations or expresses opinions on
legal or policy matters). *Vaughn v. Rosen*, 523 F.2d 1136, (1975).  These documents are
pre-decisional because they are preliminary drafts that were created prior to the
formulation of the Agency's final determination.  These documents were prepared by a
subordinate staff member and submitted up the supervisory chain for review and



comment. Since they contain preliminary comments, opinions, and recommendations, and preliminary legal or policy determinations, subject to review, that may or may not have been incorporated into the Agency's final determination, these documents are deliberative.

The deliberative process privilege has three specific policy purposes: (1) to encourage open, frank discussions on matters of policy between subordinates and superiors; (2) to protect against premature disclosure of proposed policies before they are finally adopted; and (3) to protect against public confusion that might result from disclosure of reasons and rationales that were not in fact ultimately the grounds for an Agency's decision. A premature or unauthorized release of these materials could cause harm to the Government's deliberative process by releasing information, which could possibly be inaccurate, misleading or prejudicial.

Also the document listed as item #18 in Enclosure No. 1 is pre-decisional because it was prepared prior to the formulation of the Agency's final determination. Since it contains preliminary comments, opinions, and Agency thinking, subject to review, that may or may not have been incorporated into the Agency's final determination, this document is deliberative. This document is also exempt under Exemption 7(A) because it was submitted to the Department of Transportation's Office of Inspector General and is part of its investigation.

2. **"Draft report regarding the Complaint from Ms. Brenda Armstead, FMHA[sic], a report purportedly prepared after review of Mr. Silva's report."**

Response – This document was listed as item #27 in Enclosure No. 1 to FHWA's FOIA decision dated November 18, 2003. This document is exempt from disclosure under 5 U.S.C. §552(b)(5); 49 C.F.R.§7.13(c)(5). This document is pre-decisional because it is a preliminary draft that was created prior to the formulation of the Agency's final determination. This document was prepared by a subordinate staff member and submitted to her supervisor for review and comment. Since it contains preliminary analysis, comments, opinions, and recommendations and preliminary legal or policy determinations, subject to review, that may or may not have been incorporated into the Agency's final determination, this document is deliberative.

3. **"Documents including notes, reports, memos, etc. from either Investigators Silva or Armstead evidencing their investigative activities and review of the Complaint, their resulting analysis and recommendations."**

Response – These documents were listed as items #2, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 28, and 31 in Enclosure No. 1 to FHWA's FOIA decision dated November 18, 2003. These documents are exempt from disclosure under 5 U.S.C. §552(b)(5); 2004. 49 C.F.R. §7.13(c)(5) because they are pre-decisional and deliberative:

> The document listed as #2 in Enclosure 1 is pre-decisional because it was prepared prior to the formulation of the Agency's final determination. This document represents an exchange between two (2) staff members. Since it contains preliminary comments, opinions, recommendations and summaries, subject to review, that may or may not have been incorporated into the Agency's final determination, this document is deliberative.

> The document listed as item #5 in Enclosure No. 1 is pre-decisional because

it was prepared prior to the formulation of the Agency's final determination. This document was prepared by a subordinate staff member and submitted to a more senior Agency official for review and comment. Since it contains preliminary analysis, comments, opinions, recommendations and summaries, subject to review, that may or may not have been incorporated into the Agency's final determination, this document is deliberative.

The document listed as item #7 in Enclosure No 1 is pre-decisional because it was prepared prior to the formulation of the Agency's final determination. This document represents an exchange of communication between a supervisor and his subordinate staff. Since it contains candid preliminary comments, opinions, recommendations and summaries, subject to review, that may or may not have been incorporated into the Agency's final determination, this document is deliberative.

The document listed as item #8 in Enclosure No. 1 is pre-decisional because it was prepared prior to the formulation of the Agency's final determination. This document represents an exchange of communication between a subordinate staff member and his supervisor. Since it contains candid preliminary comments, opinions, recommendations and summaries, subject to review, that may or may not have been incorporated into the Agency's final determination, this document is deliberative.

The redacted portion of the document listed as item #9 in Enclosure No. 1 is pre-decisional because it represents an exchange of communication between a supervisor and his staff. Since it contains preliminary comments, opinions, and recommendations, subject to review, that may or may not have been incorporated into the Agency's final determination, this document is deliberative.

The document listed as item #10 in Enclosure No. 1 is pre-decisional because it was prepared prior to the formulation of the Agency's final determination. This document represents an exchange of communication between a FHWA employee and a senior FHWA official. Since it contains candid preliminary comments, opinions, recommendations and summaries, subject to review, that may or may not have been incorporated into the Agency's final determination, this document is deliberative.

The document listed as item #11 in Enclosure No. 1 is pre-decisional because it was prepared prior to the formulation of the Agency's final determination. This document represents an exchange of communication between a staff member and his supervisor. Since it contains candid preliminary comments, opinions, recommendations and summaries, subject to review, that may or may not have been incorporated into the Agency's final determination, this document is deliberative.

The document listed as item #12 in Enclosure No. 1 is pre-decisional because it represents an exchange between two (2) staff members. Since it contains preliminary comments, a give and take communication, subject to review, that may or may not have been incorporated into the Agency's final determination, this document is deliberative.

The document listed as item #13 in Enclosure No. 1 is pre-decisional because it was prepared prior to the formulation of the Agency's final determination. This document represents an exchange of communication between a staff member and his supervisor. Since it contains candid preliminary comments, opinions, recommendations and summaries, subject to review, that may or may not have been incorporated into the Agency's final determination, this document is deliberative.

The document listed as item #14 in Enclosure No. 1 is pre-decisional because it was prepared prior to the formulation of the Agency's final determination. This document represents an exchange of communication between a staff member and his supervisor. Since it contains candid preliminary comments, opinions, recommendations and summaries, subject to review, that may or may not have been incorporated into the Agency's final determination, this document is deliberative.

The document listed as item #15 in Enclosure No. 1 is pre-decisional because it represents an exchange of communication between a supervisor and his staff. Since it contains preliminary comments, opinions, and recommendations, subject to review, that may or may not have been incorporated into the Agency's final determination, this document is deliberative.

The document listed as item #16 in Enclosure No. 1 is pre-decisional because it was prepared prior to the formulation of the Agency's final determination. This document represents an exchange of communication between a staff member and his supervisor. Since it contains candid preliminary comments, opinions, recommendations and summaries, subject to review, that may or may not have been incorporated into the Agency's final determination, this document is deliberative.

The document listed as item #17 in Enclosure No. 1 is pre-decisional because it was prepared prior to the formulation of the Agency's final determination. This document represents an exchange of communication between a staff member and his supervisor. Since it contains candid preliminary comments, opinions, recommendations and summaries, subject to review, that may or may not have been incorporated into the Agency's final determination, this document is deliberative.

The document listed as item #28 in Enclosure No. 1 is pre-decisional because it was prepared prior to the formulation of the Agency's final determination. This document represents an exchange of communication between a staff member and his supervisor. Since it contains preliminary comments, opinions, recommendations and summaries, subject to review, that may or may not have been incorporated into the Agency's final determination, this document is deliberative.

The document listed as item #31 in Enclosure No. 1 is pre-decisional because it was prepared prior to the formulation of the Agency's final determination. This document represents an exchange of communication between a staff member and his supervisor. Since it contains preliminary comments,

opinions, recommendations and summaries, subject to review, that may or may not have been incorporated into the Agency's final determination, this document is deliberative.

All of these documents were properly withheld under the deliberative process privilege. 5 U.S.C. §552(b)(5); 49 C.F.R. §7.13(c)(5).

4. **"Report from Mr. Edward Morris, former Administrator, Civil Rights Office. While there are some notes that Mr. Morris prepared, there is no report or review analysis by Mr. Morris, which we understand he would have prepared in order to issue his February 27, 2003 findings."**

Response - We have interpreted the document requested to be the final report that was issued by the Agency on February 27, 2003. This document has already been provided to you.

Document listed as item #26 in Enclosure No. 1 to FHWA's FOIA decision dated November 18, 2003, is released as Enclosure #2.

5. **"Documents, memos, correspondence and the like from original investigator Peter Silva, his immediate supervisor Gene Armstead or their supervisor regarding the Complaint, investigative activities, recommendations and the like."**

Response – These documents were listed as items # 2, 5, 7, 8, 10, 11, 12, 14, 16, 17, 28, and 31 in Enclosure No. 1 to FHWA's FOIA decision dated November 18, 2003. These documents requested are exempt from disclosure under 5 U.S.C. §552(b)(5); 49 C.F.R. §7.13(c)(5) because they are predecisional and deliberative. Further, see response to request number 3 above.

Documents listed as items # 32 and 33 in Enclosure No.1 are pre-decisional because they were prepared by a subordinate staff member and submitted up the supervisory chain for review and comment. Since they contain preliminary comments, opinions, and recommendations, and preliminary legal or policy determinations, subject to review, that may or may not have been incorporated into the Agency's final determination, these documents are deliberative.

6. **"A copy of a purported "condensed" report prepared sometime in 2001 by Mr. Silva and Gene Armstead with regard to the Complaint and resulting investigation."**

Response - This document was listed as item #5 to FHWA's FOIA decision dated November 18, 2003. The document you requested is also exempt from disclosure under 5 U.S.C. §552(b)(5); 49 C.F.R. §7.13(c)(5) because it is predecisional and deliberative. This document is predecisional because it is a preliminary draft that was created prior to the formulation of the Agency's final determination. This document was prepared by a subordinate staff member and submitted to his superior for review and comment. Since it contains preliminary comments, opinions, and recommendations, subject to review, that may or may not have been incorporated into the Agency's final determination, this document is deliberative.

7. **"Documents which reflect the analysis of facts and law which evidence how the February 27, 2003 decision of "no discrimination" was reached."**

Response - These documents were listed as items # 1-7, 19-25, and 30 in Enclosure No. 1 to FHWA's FOIA decision dated November 18, 2003. The documents described are also exempt from disclosure under 5 U.S.C. §552(b)(5) and 49 C.F.R. §7.13(c)(5) because they are predecisional and deliberative.

The document listed as item #1 in Enclosure No. 1 is pre-decisional because it was prepared prior to the formulation of the Agency's final determination. Since this document represents preliminary analysis, comments, opinions, recommendations and summaries that may or may not have been incorporated into the Agency's final determination, this document is deliberative.

The document listed in item #2 was addressed above.

The document listed as item #3 in Enclosure No. 1 is pre-decisional because it was prepared prior to the formulation of the Agency's final determination. Since this document contains candid preliminary comments and an analysis of facts and law that may or may not have been incorporated into the Agency's final determination, this document is deliberative.

The document listed as item #4 in Enclosure No. 1 is pre-decisional because it was prepared prior to the formulation of the Agency's final determination. Since this document contains preliminary analysis, comments, opinions and summaries that may or may not have been incorporated into the Agency's final determination, this document is deliberative.

Item #5 was addressed above.

The document listed as item #6 in Enclosure No. 1 is pre-decisional because it was prepared prior to the formulation of the Agency's final determination. Since this document contains preliminary analysis, candid comments, opinions and summaries that may or may not have been incorporated into the Agency's final determination, this document is deliberative.

Item #7 was addressed above.

The document listed as item #19 in Enclosure No. 1 is pre-decisional because it was prepared prior to the formulation of the Agency's findings on its investigation into a Title VI complaint. This document is deliberative because it contains comments and recommendations in response to draft legal and policy conclusions.

The redacted portion (paragraph 1) of the document listed as item #20 in Enclosure No. 1 is pre-decisional because it contains recommendations that may or may not have been incorporated into the Agency's final determination regarding issues raised in the February 27, 20032 findings, this document is deliberative.

The document listed as item #21 in Enclosure No. 1 is pre-decisional

because it was prepared prior to the formulation of the Agency's final determination. Since it contains preliminary analysis, conclusions, summaries and recommendations, that may or may not have been incorporated into the Agency's final determination, this document is deliberative.

The document listed as item #22 in Enclosure No. 1 is pre-decisional because it was prepared prior to the formulation of the Agency's final determination. Since it contains preliminary analysis, conclusions and recommendations, that may or may not have been incorporated into the Agency's final determination, this document is deliberative.

The document listed as item #23 in Enclosure No. 1 is pre-decisional because it was prepared prior to the formulation of the Agency's final determination. This document is deliberative because it contains a preliminary analysis of facts and law that may or may not have been incorporated into the Agency's final determination.

The document listed as item #24 in Enclosure No. 1 is pre-decisional because it was prepared prior to the formulation of the Agency's final determination. This document is deliberative because it contains preliminary comments, analysis, summaries and conclusions that may or may not have been incorporated into the Agency's final determination.

The document listed as item #25 in Enclosure No. 1 is pre-decisional because it was prepared prior to the formulation of the Agency's final determination. This document is deliberative because it contains a preliminary analysis of law, facts and policy and conclusions that may or may not have been incorporated into the Agency's final determination.

The document listed as item #29 in Enclosure No. 1 is pre-decisional because it was prepared prior to the formulation of the Agency's final determination. This document is deliberative because it contains a preliminary analysis of law, facts, and policy that may or may not have been incorporated into the Agency's final determination.

The document listed as item #30 in Enclosure No. 1 and summarizing several interviews is pre-decisional because it was prepared prior to the formulation of the Agency's final determination. Since this document analyzes witness interviews and contains candid comments and a preliminary analysis of law and facts, that may or may not have been incorporated into the Agency's final determination, this document is deliberative.

All of these documents were properly withheld under the deliberative process privilege. 5 U.S.C. §552(b)(5) and 49 C.F.R. §7.13(c)(5).

8. **"Documents reflecting the interchange between the Office of Civil Rights and Deputy Legal Counsel regarding the process to be followed with regard to the Complaint including timeliness, legal issues, and findings."**

> Response - These documents were listed as items # 19 and 20 in Enclosure No. 1 to FHWA's FOIA decision dated November 18, 2003. The last documents requested are also exempt from disclosure under 5 U.S.C. §552(b)(5) and 49 C.F.R. §7.13(c)(5) because they are pre-decisional and deliberative. Further, see items # 19 and 20 in response No. 7 above.

Of the 365 pages identified in Enclosure No. 1 to FHWA's FOIA decision dated November 18, 2003, forty-five (45) pages are now being released herein. They include the non-redacted portion of item # 20, item #26, and the e-mail headings of otherwise withheld documents.

This letter constitutes the FHWA's original denial of your March 29, 2004, FOIA request. Pursuant to 49 C.F.R. §7.21, you have the right to appeal this decision to:

> Mr. Michael J. Vecchietti
> Associate Administrator for Administration
> Federal Highway Administration
> 400 Seventh Street, SW
> Washington, DC 20590
> Fax # (202) 366-7493

Should you wish to appeal, Mr. Vecchietti's decision will be administratively final. Any appeal to Mr. Vecchietti must be made in writing within 30 days after receipt of this letter. It should include the DOT file or reference number assigned to the request and all information and arguments relied upon in making the appeal. Appeals must comply with the other requirements set forth in 49 C.F.R. §7.21(d).

Sincerely yours,

Frederick D. Isler,
Associate Administrator
for Civil Rights

Enclosures