UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| DUXBURY TRUCKING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MASSACHUSETTS HIGHWAY DEPARTMENT; ) | |
| MASSACHUSETTS TURNPIKE AUTHORITY; ) | CIVIL ACTION NO. 04-12118NG |
| EDWARD W. MORRIS, JR., FEDERAL HIGHWAY ) | |
| ADMINISTRATION, (FORMER) ASSOCIATE ) | |
| ADMINSTRATOR FOR CIVIL RIGHTS; BRENDA ) | |
| ARMSTEAD, FEDERAL HIGHWAY ) | |
| ADMINISTRATION, EQUAL OPPORTUNITY ) | |
| SPECIALIST; ARTHUR "GENE" ARMSTEAD, ) | |
| FEDERAL HIGHWAY ADMINISTRATION, ) | |
| EASTERN RESOURCE CENTER, CIVIL RIGHTS ) | |
| TEAM; STANLEY GEE, FEDERAL HIGHWAY ) | |
| ADMINISTRATION, DISTRICT ADMINISTRATOR, ) | |
| ) | |
| Defendants. ) | |

**THE MASSACHUSETTS TURNPIKE AUTHORITY'S RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL MEMORANDUM CONCERNING ITS DUE PROCESS CLAIMS**

**Introduction**

In its Memorandum and Order of September 13, 2005, the Court allowed plaintiff Duxbury Trucking, Inc. ("Duxbury") an opportunity to explain why the Court should not dismiss the only remaining claim against the Massachusetts Turnpike Authority and its employee, Lorenzo Parra (together, the "Authority"), despite Duxbury's failure to commence this action within the applicable statute of limitations period. Specifically, the Court instructed Duxbury that it must make a showing that the Authority was "somehow complicit" in the Federal Highway Administration's ("FHA") allegedly misleading assurances to Duxbury regarding the

FHA's investigation into the September 27, 2000 complaint that Duxbury filed with the FHA (the "FHA Complaint"), in which it alleged sex discrimination.  <u>Memorandum and Order</u> at 34.  Since the Court's Order, the Authority cooperated with Duxbury's informal discovery requests by responding to its written inquiries and producing responsive documents to Duxbury's counsel.  After reviewing the Authority's written responses and reviewing its documents, Duxbury has only been able to distill a single allegation that Duxbury apparently believes suggests the Authority's "complicity" in the allegedly misleading assurances by FHA.  In its Supplemental Memorandum, Duxbury asserts that it took the Authority ten weeks to compile and provide information in response to one of many requests from the FHA.  Duxbury does not explain how the time it took the Authority to respond makes the Authority "complicit."  Duxbury makes no claim that the Authority made any misleading assurances directly to it that the FHA would credit its claims of discrimination.  Nor does Duxbury suggest that the Authority somehow conspired with the FHA to convince Duxbury that the FHA would uphold its claims and it therefore should not seek to have its claims heard by a court.

     Duxbury has failed to make a showing sufficient to justify this Court in invoking any of the unusual equitable doctrines that toll statutes of limitations.  This Court cannot apply the principle of equitable estoppel to save Duxbury's claim, because Duxbury has not explained how the ten-week period following the FHA's 2002 request for information amounts to "complicity" in the FHA's allegedly misleading assurances to Duxbury.  Nor has Duxbury explained why the filing of, or the investigation into, the FHA Complaint, which alleged gender discrimination but *not* a due process violation, should toll the statute of limitations for the due process claim in any event.  Finally, the principle of equitable tolling does not apply here as a matter of law, because Duxbury has not alleged that it was unaware of facts that gave rise to the injury that triggered the due process claims.  Because Duxbury has fallen well short of making the showing that the Court

should require to save the due process claim from the ordinary operation of the statute of limitations, the Court should dismiss this final claim as well.

## Procedural Background

The Authority argued in its motion papers that the three-year statute of limitations for both the discrimination claim and the due process claim against the Authority expired long before the plaintiff filed this action. Duxbury argued in its opposition to the Authority's motion that the Court should invoke one of the few exceptions to the normal operation of the statute of limitations, the doctrine of equitable estoppel, because Duxbury had delayed filing suit in reliance on assurances made by the FHA. See Plaintiff's Opposition to Defendant the Massachusetts Turnpike Authority's Motion to Dismiss at 13-17. Duxbury made no mention of the Authority's role in FHA's alleged assurances in its brief, but at oral argument, plaintiff's counsel stated that he was unwilling to concede that the Authority played no role. Hearing Trans. at 35:21-25.

This Court dismissed the plaintiff's gender discrimination claim on other grounds. The Court's Order addressed the statute of limitations issue only with respect to the due process claim against the Authority. The Court stated that May 28, 1999, the date on which the plaintiff alleges that it lost its business, was the date on which the statute of limitations clock began to run. Memorandum and Order at 32. In light of Duxbury's vague argument that the FHA's delay in investigating Duxbury's complaint might be attributable to the Authority because "the state and federal defendants worked closely during the federal investigation," the Court allowed the plaintiff "to supplement the record for the purposes of making out a claim that the state defendants were somehow *complicit* in the FHA's allegedly misleading assurances to Duxbury, and that the law recognizes the state's actions as warranting equitable tolling of the statute of limitations on the due process claim." Id. at 34 (emphasis added).

On December 16, 2005, counsel for Duxbury posed written questions relating to the Authority's participation in the FHA investigation and the Authority's communications with the FHA and the plaintiff. Duxbury also requested that the Authority produce documents. Counsel for the Authority responded by letter dated February 2, 2006, which answered Duxbury's questions and enclosed responsive documents. Duxbury filed its Supplemental Memorandum on the statute of limitations issue on February 16, 2006.[1]

In its Supplemental Memorandum, Duxbury provided virtually no allegations that support its equitable estoppel argument. Rather, the plaintiff seemed to shift to a different -- and equally novel -- theory for why the normal operation of the statute of limitations should be suspended in this case: the principle of equitable tolling. However, Duxbury has alleged no facts that would support an equitable tolling exception to the statute of limitations; therefore, Duxbury's latest attempt to avoid the normal operation of the limitations period must fail.

I. **Duxbury Has Not Shown that the Authority Was Complicit in FHA's Allegedly Misleading Assurances.**

Courts will invoke the principle of equitable estoppel to toll a statute of limitations when (1) the defendant made representations that it knew or should have known would induce the plaintiff to postpone bringing a suit; (2) the plaintiff did in fact delay bringing a suit in reliance on those representations; and (3) the reliance on those representations was reasonable. See Kozikowski v. Toll Bros., Inc., 354 F.3d 16, 24 (1st Cir. 2003). Duxbury cannot satisfy any element of the equitable estoppel test.

In the equitable estoppel context, "[p]romises or assurances . . . must be specific in order to constitute 'representations'" that will toll the statute of limitations. Id. at 24. Duxbury has not

---

[1] Because some of the documents that the Authority produced to Duxbury may be covered by the attorney-client or attorney work product privilege, the plaintiff filed the Authority's letter and documents under seal, as Exhibit 1 to the Supplemental Memorandum.

alleged in its Supplemental Memorandum that the Authority made any representations that it knew or should have known would induce Duxbury to delay filing a lawsuit. The plaintiff has alleged that FHA personnel assured Duxbury that it would find in its favor when it completed its report on the FHA Complaint, see Complaint at ¶ 44, but the record, even as supplemented by Duxbury, contains no allegation that the Authority made any such representations. Given that the Authority was one of the subjects of the FHA investigation, the Authority did not (and would have had no reason to) assure Duxbury that the FHA would find in favor of Duxbury and against the Authority. Moreover, the Authority did not (and was in no position to) give Duxbury any information about when the FHA would complete its investigation. The record simply contains no evidence that could lead the Court to conclude that Duxbury failed to file suit against the Authority in reliance on representations made by the Authority.

The plaintiff's Supplemental Memorandum focuses primarily on the FHA's alleged mishandling of the investigation into the FHA Complaint. This is not relevant to the question whether the Court should toll the statute of limitations for claims against the Authority. Duxbury's memorandum merely alleges that the Authority took ten-weeks to respond to an FHA request for certain records relating to other trucking contractors working on the CA/T Project and the Authority's production of relevant documents.[2] Duxbury provides no legal support for the proposition that the time it took the Authority to provide the FHA with certain information, at one point during the course of a thorough and prolonged investigation, could provide grounds for invoking equitable estoppel against the Authority. In fact, even if the Authority contributed to

---

[2] Should this Court permit Duxbury's remaining claim against the Authority to survive the Authority's Motion to Dismiss, the Authority will vigorously contest Duxbury's allegation that the ten-week period between the FHA's request for information and the Authority's provision of a comprehensive document response constitutes a "delay." The Authority will demonstrate that it worked diligently and reasonably to respond to all of the FHA's requests. Furthermore, the Authority will contest the relevance of the ten-week period in the context of the statute of limitations. Duxbury's brief categorizes the ten-week period as a "delay," but none of the FHA affidavits to which the plaintiff refers in its brief state that the FHA's investigation was delayed or hampered by the Authority in any way.

any FHA delay. In fact, the Supreme Court has held that an administrative agency's delay in responding to a complaint does not toll the statute of limitations for a civil rights lawsuit, even where the Court is aware of inefficiency in the administrative agency's procedures. See Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 466 and n.11 (1975) (filing and pendency of a Title VII complaint with the Equal Employment Opportunity Commission does not toll the statute of limitations that applies to a Section 1981 claim). As this Court noted, "[p]roof that the state defendants contributed to the delay of the federal investigation, in and of itself, would likely be inadequate to meet the first prong of the equitable estoppel standard, . . . ." Memorandum and Order at 34.

## II.    The FHA Complaint Cannot Serve as the Basis for Equitable Estoppel.

The Court asked Duxbury to explain in its Supplemental Memorandum how the principle of equitable estoppel could "apply here at all when the FHA complaint was grounded in claims of sex discrimination, while the only remaining issue now is the alleged due process violation". Memorandum and Order at 35. The Court's question focuses on the fact that, even assuming that Duxbury had alleged that the Authority made representations to Duxbury that caused Duxbury to delay filing a lawsuit, any such representations would have been limited to the topic of gender discrimination. "Only where there is complete identity of the causes of action" will an administrative claim toll the statute of limitations on a legal claim. Johnson, 421 U.S. at 468. Even if the Authority were complicit in the alleged assurances made by the FHA (which the Authority denies), equitable estoppel cannot help Duxbury escape its failure to file an action alleging a due process violation against the Authority while it awaited the FHA's findings on its gender discrimination complaint.

**III.    The Doctrine of Equitable Tolling Does Not Apply as a Matter of Law.**

Duxbury's Supplemental Memorandum fails to present a focused argument on the theory of equitable estoppel, on which it relied in its Opposition to the Authority's Motion to Dismiss. Instead, the plaintiff seems to focus on a different theory as a basis to toll the statute of limitations. Duxbury now relies on Bowen v. New York, 476 U.S. 467 (1986), a case in which the Supreme Court invoked the doctrine of equitable tolling, but in a context that has no relevance to this dispute.

Courts invoke equitable tolling "only sparingly," see Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, (1990), and generally only in specific circumstances. See Andrews v. Arkwright Mut. Ins. Co., 673 N.E.2d 40 (Mass. 1996) (equitable tolling available for "excusable ignoran[ce]" or where defendant "affirmatively misled" plaintiff); Irwin, 498 U.S. 89 (equitable tolling available where plaintiff "has actively pursued his judicial remedies by filing a defective pleading during the statutory period"). The pre-requisites of equitable tolling are not present in this case.

In Bowen, the only case on which Duxbury relies in its supplemental brief, a class of plaintiffs challenged a secret internal policy of the Secretary of Health and Human Services ("HHS"). The HHS policy mandated that, for a certain category of disability claimants, HHS applied an automatic presumption to deny eligibility for benefits. In so doing, HHS essentially skipped two steps of a sequential, five-step individual review process that it was supposed to follow in making individualized eligibility determinations. See Bowen, 476 U.S. at 473. The plaintiffs alleged that the failure to disclose the policy to claimants denied the individual plaintiffs and class members due process of law prior to the deprivation of benefits. Id. at 474.

Some of the Bowen class members had failed to challenge the denial of their benefits in court within the 60-day statute of limitations established by federal law, which runs from the

Secretary's final action on a disability claim.  See id. at 472.  The Court held that in light of the government's secret internal policy, which had operated to deprive claimants of benefits and about which the claimants were unaware, equitable principles operated against HHS to toll the statute of limitations.  See id. at 475.  The Court noted, "Where the government's secretive conduct prevents plaintiffs from knowing of a violation of rights, statutes of limitations have been tolled until such time as plaintiffs had a reasonable opportunity to learn the facts concerning the cause of action." Id. at 481 (quoting Court of Appeal decision).

The application of equitable tolling in Bowen is limited to the unusual facts of that case.  Duxbury has provided no legal authority for the proposition that any alleged delay by the FHA that is attributable to the Authority serves as grounds to toll the statute of limitations that applies to lawsuits relating to that claim.  In fact, as noted above, the Supreme Court has held that the filing of, and investigation into, such administrative claims, even where the agency's investigative processes are seriously delayed, does not toll limitations periods.  See Johnson, 421 U.S. at 466.[3]

Bowen is also distinguishable from this case for several significant reasons.  First, in Bowen, HHS was alleged to have engaged in secretive conduct that prevented the plaintiffs from knowing that their rights were violated.  See e.g., Bowen, 476 U.S. at 480-81.  By contrast, Duxbury does not contend that it was unaware of the harm allegedly caused to it by the Authority.  In fact, it filed the FHA Complaint alleging such harm in September 2000, and

---

[3] The filing of an administrative complaint generally does not toll the statute of limitations on court actions.  See Johnson, 421 U.S. at 454.  Duxbury has asked the Court to toll the statute of limitations starting on September 27, 2000, the date on which it filed the FHA Complaint, but it has provided no argument as to why that date is relevant.  In fact, the FHA's alleged delays in responding to Duxbury's complaint should have put Duxbury on notice to pursue other remedies.  See id. at 466.  Even if the Court finds that the statute of limitations period runs from May 28, 1999 until the Authority's alleged delay in responding to the FHA's March 23, 2002 request for information, Duxbury has conceded (Supplemental Memorandum at 9) that the limitations period should start running again from February 27, 2003 until July 3, 2003.  Those time periods exceed the three-year statute of limitations that applies to the due process claims against the Authority.

Duxbury claims it did not pursue a judicial action because FHA led it to believe that its claims would be upheld.

Nor has Duxbury pointed to any secret policy of the Authority that gave rise to its due process claim. As noted above, Duxbury's brief implicates the Authority in only one respect: the ten-week time period during which the Authority gathered information in response to one of many FHA requests. That alleged delay, such as it was, and all the rest of the alleged misconduct by the FHA on which Duxbury relies, provides no factual support for the due process violations that Duxbury allegedly suffered at the hands of the Authority prior to the deprivation of Duxbury's property interest (which Duxbury has identified as the loss of its WBE status). See Complaint at ¶¶ 63-71. Duxbury's Supplemental Memorandum points only to the FHA's handling of the investigation into the events that gave rise to the claim. Unlike the principle of equitable estoppel, under which assurances made by a defendant *after* the injury occurs may provide a basis to toll the statute of limitations, the equitable principles invoked by the Bowen Court held the defendant accountable for secret information about actions *that caused* the injury. Duxbury has not alleged any such facts.

Bowen is of no help to Duxbury for the additional reason that it is limited to an analysis of the 60-day federal statute of limitations for disability claims. The Court held that the purpose of the short limitations period was "to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." Id. at 481. The plaintiffs in Bowen had a mere 60 days to determine whether the facts of their cases merited a lawsuit and to uncover government conduct that gave rise to a claim; therefore, it would make sense that the Court would toll that period if it were insufficient to permit the plaintiffs to uncover their claims. By contrast, the statute of limitations applicable to Duxbury's claim is the three-year limitations period for state

law tort claims.  See Memorandum and Order at 31.  There was plenty of time for Duxbury to seek to vindicate whatever claims it believed it had.  It simply failed to do so.

Finally, in Bowen, the statute that set the limitations period for Social Security claims explicitly permitted the Secretary of HHS to toll or waive the 60-day time limit, "thus expressing [Congress's] clear intention to allow tolling in some cases."  Id. at 480.  No such consideration exists here.  Duxbury has not provided this Court with any basis to invoke the exceptional doctrines of equitable estoppel or equitable tolling.

## CONCLUSION

For the reasons set forth above and in the Authority's initial papers filed in support of its Motion to Dismiss, the Court should dismiss with prejudice the plaintiff's Due Process claim against the Authority and Lorenzo Parra (Count II) because the applicable statute of limitations for that claim has run.

        THE MASSACHUSETTS TURNPIKE
        AUTHORITY

        By its attorneys,


        /s/ Peter N. Kochansky
        Neil V. McKittrick, BBO #551386
        Peter N. Kochansky, BBO #647008
        GOULSTON & STORRS,
         A Professional Corporation
        400 Atlantic Avenue
        Boston, Massachusetts  02110
        (617) 482-1776

Dated:  March 2, 2006

**Certification of Service**

I hereby certify that a true copy of the above document was filed through the ECF System and will be electronically delivered to the registered participants on the Notice of Electronic Filing, and that paper copies will be sent to those indicated as non-registered participants on March 2, 2006.

/s/ Peter N. Kochansky
Peter N. Kochansky

GSDOCS\1585439.3