**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**C. A. No. 04-CV12118**

**DUXBURY TRUCKING INC.,**

**Plaintiff,**

**v.**

**MASSACHUSETTS HIGHWAY DEPARTMENT et al,**

**Defendants**

**DEFENDANT PATRICIA O'BRIEN'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT UNDER FRCP 12(b)(5) AND (6)**

Defendant Patricia O'Brien ("O'Brien") submits this memorandum of law in support of her motion to dismiss Duxbury Trucking, Inc.'s ("Duxbury") amended complaint under Fed. R. Civ. P. 12(b)(5) and (6). As grounds for her motion, O'Brien states that (1) Duxbury has failed to serve her with its amended complaint in accordance with Fed. R.Civ.P. 4(m); and (2) Duxbury has failed to establish that the statute of limitations period for its due process claim against O'Brien is subject to equitable tolling as the Court so required.

**PROCEDURAL BACKGROUND**

Duxbury's suit, filed on October 6, 2004, asserts counts of gender discrimination in violation of 23 U.S.C. § 324 and violation of procedural due process. See Amended Complaint ¶¶ 4, 53-71. In its Memorandum and Order of September 13, 2005, the Court dismissed Duxbury's gender discrimination claims against the Massachusetts Turnpike Authority ("MTA") and the Massachusetts Highway Department ("MHD"). See Mem. and Order at 17. Addressing

Duxbury's due process claims, the Court stated that the starting point for the applicable three year statute of limitations was May 28, 1999. See id. at 31-32. Although Duxbury waited over five years to file suit, the Court, while noting that Duxbury pointed to representations made by Federal Highway Authority ("FHA") rather than the state defendants, allowed Duxbury to supplement the record to make out a claim that the state defendants were somehow complicit in the FHA's allegedly misleading assurances to Duxbury, and that such actions warranted equitable tolling of the statute of limitations on its due process claims. See id. at 33-34. The Court further stated that "if plaintiff is unable to make such a showing within the allotted time frame, its due process claim will be dismissed as time-barred." Id. at 34. The Court also allowed Duxbury's motion to amend the complaint to add due process claims against individual defendants including Lorenzo Parra, Director of the MTA's Office of Civil Rights, and O'Brien, a former director of MHD's Office of Civil Rights, in their individual capacities only. See id. at 28. Subsequently, in its Judgment of September 26, 2005, the Court ordered that Duxbury's due process claim against MHD be dismissed and consequently, no outstanding counts remain against MHD. On February 16, 2006, after two extensions of time, Duxbury filed its Supplemental Memorandum in Support of the Equitable Tolling of the Statute of Limitations on its due process claim.

Duxbury has failed to serve O'Brien with the amended complaint or any papers relating to this matter. See O'Brien Aff., attached hereto as *Exhibit A.*

## ARGUMENT

### I. Duxbury's Amended Complaint Against O'Brien Should Be Dismissed For Lack of Service.

Under Fed. R.Civ.P. 4(m), a district court shall dismiss a complaint without prejudice as

to a particular defendant if the plaintiff fails to serve that defendant within 120 days after filing the complaint. See Fed. R.Civ.P. 4(m); Figueroa v. Rivera, 147 F.3d 77, 83 (1st Cir. 1998). Following the Court's Order of September 13, 2005, granting Duxbury leave to add a due process claim against O'Brien in her individual capacity, Duxbury failed to serve its amended complaint on O'Brien. See O'Brien Aff. at ¶ 3. As Duxbury has failed to serve O'Brien within the time period specified under Fed. R.Civ.P. 4(m), the amended complaint against O'Brien is subject to dismissal.

## II. Duxbury's Amended Complaint Against O'Brien Should Be Dismissed Because Duxbury Has Failed To Make A Showing That The Statute of Limitations On Its Due Process Claim Is Subject To Equitable Tolling.

In its Memorandum and Order of September 13, 2005, the Court allowed Duxbury to supplement the record to make out a claim that the state defendants were complicit in the FHA's allegedly misleading assurances to Duxbury, and that such actions warranted equitable tolling of the statute of limitations on its due process claims. See Mem. and Order at 34. The Court stated that "if the plaintiff is unable to make such a showing within the allotted time frame, its due process claim against the state defendants will be dismissed as time-barred." Id.

For the doctrine of equitable estoppel to apply to toll a statute of limitations, a plaintiff must show that (1) the defendant made representations that it knew or should have known would induce the plaintiff to postpone bringing a suit; (2) the plaintiff did in fact delay in bringing a suit in reliance on those representations; and (3) the plaintiff's reliance on those representations was reasonable. Kozikowski v. Toll Bros., Inc., 354 F.3d 16, 24 (1st Cir. 2003). For the purposes of equitable estoppel, "[p]romises or assurances . . . must be specific in order to constitute 'representations.'" Id. The Supreme Court has emphasized that the equitable tolling

doctrine is applied "only sparingly." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).

Duxbury's Supplemental Memorandum fails to establish that it can satisfy any element of the three-part equitable estoppel test as applied to its due process claim against O'Brien. As to the first prong,[1] Duxbury makes no showing that O'Brien made "any representations that [she] knew or should have known would induce [Duxbury] to postpone bringing a suit." Kozikowski, 354 F.3d at 24. Duxbury points to no specific promises or assurances by O'Brien that could conceivably amount to representations for the purposes of equitable estoppel. Id. In fact, it makes no showing that O'Brien made any representations[2] whatsoever to Duxbury. Certainly, Duxbury fails to make the requisite showing that O'Brien herself was "somehow complicit in the FHA's allegedly misleading assurances to Duxbury." Mem. and Order at 34.

---

[1] Duxbury's Supplemental Memorandum focuses on the FHA's alleged delay in handling Duxbury's administrative complaint. Duxbury does not address any alleged actions by O'Brien. At best, Duxbury's Supplemental Memorandum merely alleges that the state defendants contributed to the delay of the federal investigation. However, the Court specifically noted that even "[p]roof that the state defendants contributed to the delay of the federal investigation, in and of itself, would likely be inadequate to meet the first prong of the equitable estoppel standard." Mem. and Order at 34.

[2] As against O'Brien, the statute of limitations would be tolled under equitable estoppel principles only from the date of any alleged representations by O'Brien sufficient to meet the Kozikowski standard. Notwithstanding Duxbury's assertion, see Duxbury Supplemental Mem. at 9, that the statute of limitations should be tolled from the date it filed its FHA complaint on September 27, 2000, the Supreme Court has held that the filing of an administrative complaint will not toll the statute of limitations applicable to a civil action based on the same facts even where the Court is aware of significant delays attending the agency's proceedings. See Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 454, 466 n.11 (1975). Here, as noted by the Court, see Mem. and Order at 35, Duxbury's FHA complaint was for gender discrimination while the remaining count in the present action asserts a due process violation. Even assuming Duxbury's FHA complaint involved identical issues, which is denied, the mere filing of its FHA complaint on September 27, 2000, does not operate to toll the statute of limitations period, commencing May 28, 1999, on Duxbury's due process claim against O'Brien. See Johnson, 421 U.S. at 454. It should be further noted that Duxbury concedes that tolling would not operate between February 27, 2003, and July 3, 2003. See Duxbury Supplemental Mem. at 9.

As to the second and third prongs of the equitable estoppel test, Duxbury entirely fails to demonstrate that its five year delay in bringing its due process claim was in reliance on any representations allegedly made by O'Brien, nor that its reliance on any such representations was reasonable.

As Duxbury has failed to make the required showing that the statute of limitations on its due process claim against O'Brien is subject to equitable tolling, any such claim is subject to dismissal as time-barred.

## CONCLUSION

For the reasons set forth above, the Court should dismiss with prejudice the plaintiff's due process claim against Patricia O'Brien.

Respectfully submitted,

PATRICIA O'BRIEN

By her attorneys,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ David B. Stanhill
David B. Stanhill, BBO # 654187
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place
Boston, MA 02108
(617) 727-2200, Ext. 2573

Date: August 4, 2006

**CERTIFICATE OF SERVICE**

I, David B. Stanhill, Assistant Attorney General, hereby certify that I have this day, August 4, 2006, served the foregoing **document**, upon all parties, by electronically filing a copy through the ECF System.

/s/ David B. Stanhill
David B. Stanhill