UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Duxbury Trucking, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Massachusetts Highway Department, et al., <br><br> Defendants. | Civil Action No. 04-12118-NG |

### PLAINTIFF DUXBURY TRUCKING'S OBJECTION TO DEFENDANT PATRICIA O'BRIEN'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT UNDER FRCP 12(b)(5) AND (6)

NOW COMES Duxbury Trucking, Inc. ("Plaintiff"), by and through counsel, Shaheen & Gordon, P.A., and files an Objection to Defendant Patricia O'Brien's Motion to Dismiss, and in support thereof Plaintiff states the following:

I. INTRODUCTION

Defendant O'Brien's Motion to Dismiss has two grounds: (1) Plaintiff failed to serve her with its Amended Complaint in accordance with FRCP 4(m); and (2) Plaintiff has failed to establish that the statute of limitations period for its due process claim against Ms. O'Brien is subject to equitable tolling. Plaintiff will address each of these grounds in turn.

II.  PLAINTIFF HAS SERVED DEFENDANT O'BRIEN IN ACCORDANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURE.

Plaintiff filed its Motion to Amend Complaint on April 14, 2005.  Counsel for then Defendant Massachusetts Highway Department ("MHD") did not return a phone call seeking concurrence.  See Certification under L.R. 7.1 at p. 4 of said Motion.  There were no objections filed by any Defendant to Plaintiff's Motion to Amend Complaint.

This Court's September 13, 2005 Order Re: Motions to Dismiss granted Plaintiff's Motion to Amend its Complaint in part and denied it in part stating:  "It is GRANTED with respect to all changes, except those pertaining to paragraphs 57 and 60 of the Complaint, because the sex discrimination count has been dismissed."  (Order, p. 2).

On July 11, 2005 Attorney Stanhill, Assistant Attorney General for the Commonwealth, filed an Appearance on behalf of the Massachusetts Highway Department ("MHD").  At the time of the filing of this Objection, Attorney Stanhill has not withdrawn his appearance.  As is clear from the Motion to Amend, and in the Affidavit of Defendant O'Brien attached to the subject Motion to Dismiss, Defendant O'Brien was employed as the "Director of the Office of Civil Rights at the Massachusetts Highway Department from 1993 until 2003."  (¶ 2, Affidavit of Defendant O'Brien).  At the time of the filing of the Amended Complaint and at the time of the Court's issuance of its Order, Attorney Stanhill was the attorney of record for MHD.

FRCP 5(b)(1) provides that every pleading subsequent to the original complaint shall be served on a party represented by an attorney is made on that attorney unless the Court orders service on the party.  The Court's Order did not direct Plaintiff to make

2

service of the Amended Complaint on Defendant O'Brien other than on Attorney Stanhill according to FRCP 5(b)(1).  And, in fact, on August 4, 2006, Attorney Stanhill filed his Notice of Appearance for Defendant O'Brien confirming Plaintiff's understanding of FRCP 5(b)(1).

Defendant O'Brien states that Plaintiff has violated FRCP 4(m) by not effecting service of the Summons and Complaint upon Defendant O'Brien within 120 days after filing of the Complaint.  However, FRCP 4(m) goes on to say that "if the plaintiff shows good cause for not completing service within the 120 days 'the court shall extend the time for service for an appropriate period.'"

The procedural posture of this case is that following the Court's September 13, 2005 Memorandum and Order, Plaintiff and Defendant Massachusetts Turnpike Authority ("MTA") filed pleadings in response to specific requests contained in the Court's Memorandum and Order.  Those pleadings were completed on March 16, 2006. Thereafter, a Notice of Hearing, dated March 29, 2006, was issued by the Court scheduling a hearing on the Federal Defendants' Motion to Dismiss as well as that of the MTA.

On September 27, 2005 the Court granted MHD's Motion for Entry of Final Judgment pursuant to FRCP 54(b).  Upon entry of that Judgment, Attorney Stanhill did not withdraw from the litigation and, in fact, has been served with all pleadings by all parties filed subsequent to the September 27, 2005 Judgment for MHD.  Therefore, Plaintiff contends that Defendant O'Brien has been served with a copy of the Amended Complaint pursuant to FRCP 5(b)(1) or, in the alternative, Plaintiff asks that the Court provide it a period of 45 days to complete service upon Defendant O'Brien understanding

that the delay of service has not prejudiced Defendant O'Brien in any way as her counsel has been and continues to be an active participant in these proceedings to include the receipt of all pleadings filed by all parties.  There has been no prejudice to Defendant O'Brien whatsoever if the Court finds that she, in fact, has not been served.

> III. THE STATUTE OF LIMITATIONS FOR PLAINTIFF'S DUE PROCESS CLAIM AGAINST DEFENDANT O'BRIEN IS SUBJECT TO EQUITABLE TOLLING.

In her Motion, Defendant O'Brien says at p. 3:

> In its Memorandum and Order of September 13, 2005, the Court allowed Duxbury to supplement the record to make out a claim that the state defendants were complicit in the FHA's allegedly misleading assurances to Duxbury and that such actions warranted equitable tolling of the statute of limitations on its due process claims.  See Mem. and Order at 34.  The Court state that "if the plaintiff is unable to make such a showing within the allotted time frame, its due process claim against the state defendants will be dismissed as time-barred."  Id.

In response to this contention, Plaintiff incorporates by reference in its entirety Plaintiff's November 18, 2005 Response to Federal Defendants' Supplemental Memorandum in Support of Motion to Dismiss and its February 16, 2006 Supplemental Memorandum in Support of the Equitable Tolling of the Statute of Limitations on its Due Process Claims.

Plaintiff's Response to the Federal Defendants' Supplemental Memorandum in Support of Motion to Dismiss ("Fed. Def. Supple. Memo") has attached a number of documents received by Plaintiff pursuant to its Freedom of Information Act ("FOIA") requests directed to the Federal Highway Administration ("FHWA").  The FOIA documents contain the information that allows Plaintiff to meet its burden to have the doctrine of equitable estoppel applied to toll the statute of limitations pursuant to the criteria specified in Kozikowski v. Toll Bros., Inc., 354 F.3d 16, 24 (1st Cir. 2003).  For example, under Exhibit 1, Fed. Def. Supple. Memo, is a document marked as "Isler-038,"

an August 14, 2003 email from Ms. JoAnne Robinson [Associate Counsel, FHWA] to Ed Morris [Director, Office of Civil Rights, FHWA] in which Attorney Robinson states that counsel for Ms. Martinsen [Duxbury] had sent a letter to the Assistant Attorney General, Federal Department of Justice, asking for the appointment of a "Compliance Master" "to address the failure of the Massachusetts Turnpike Authority (MTA) and the Massachusetts Highway Department (MHD), both agencies recipients of federal funds, to enforce the provisions of Title VI resulting in discrimination against Duxbury Trucking Company, Inc. and other certified minority business enterprises."

Fed. Def. Supple. Memo has attached as Exhibit 7 a document entitled "FHWA Office of Civil Rights Report on its Review of the Trucking Situation in Boston." While that 18-page report speaks for itself, the Report, generated in response to Ms. Martinsen's Duxbury Complaint filed with the FHWA, has within it information directed to Defendant O'Brien and her office during the time period she was Director of that office. For example, on page 11 there is the following:

> **ISSUE 3**
>
> Whether MHD was responsible for ensuring compliance with nondiscrimination and equal opportunity requirements.
>
> **Analysis**
>
> Representatives of MHD signed equal opportunity and nondiscrimination assurances as a basis for continued receipt of Federal-aid highway funds. As the primary recipient of Federal-aid highway funds for the State, MHD is obligated to not discriminate "directly or through contractual or other arrangements" and to ensure its sub-recipients and contractors are aware of and comply with the nondiscrimination provisions of Federal law. <u>The MHD was obligated to have in-place and implement a compliance review program sufficient to ascertain the compliance of contractors with the non-discrimination and equal opportunity requirements as they relate to all terms and conditions of employment, including wage rates. The MHD last conducted a compliance review 5 or 6 years ago to assist the CA/T, and,</u>

5

<u>except for a DBE program process review involving FHWA personnel, MHD has completed no compliance reviews of contractors (interview with Civil Rights Director).</u>[1]  While this issue should not take away from the compliance reviews performed by the CA/T Project Staff, <u>the facts strongly suggest MHD has failed to carry out its compliance responsibilities in these areas</u>.  (Emphasis added).

Most importantly at page 12 of the Exhibit document under the same Analysis heading, the FHWA found that "There is no evidence in the record indicating that MHD conducted any investigation or review of the claims made by complainant [Duxbury/Martinsen], <u>about which it was aware through project management</u>, or of similar complaints on prevailing wage and PLA violations that preceded the complaints made by complainants to determine whether there was any evidence of possible discrimination." (Emphasis added.)

The FHWA "Recommendation" for this section states as follows:

Since this review was initiated, there have been some personnel changes at MHD.[2]  It is recommended that the FHWA Massachusetts Division Office engage the responsible MHD staff to determine the current state of program development and implementation.  To the extent weaknesses other than those identified here are discovered, training and technical assistance sufficient to adequately address each identified deficiency needs to be scheduled and progress routinely measured.  <u>Closer monitoring and oversight by FHWA are necessary in the near term to prevent assertions of complaint from being made, as was done previously, with no substantive effort having been completed to actually meet the earlier FHWA review recommendations</u>.  (Emphasis added.)

What is more than troubling is that despite Mr. Morris' Report and Defendant O'Brien's removal as Director of the Office of Civil Rights, a <u>Boston Globe</u> article dated April 8 2004, states that "The Federal Highway Administration has ordered the State to

---

[1] Upon information and belief, this reference is to an interview with Defendant O'Brien.

[2]  Upon information and belief, one of those personnel changes was Defendant O'Brien no longer serving as the Director of the Office of Civil Rights at the Massachusetts Highway Department.  The Court is reminded that Defendant O'Brien left that office in 2003, and that the FHWA Report on its review of the trucking situation in Boston, while undated in the filing made by the United States Attorneys' Office, in fact was a report that was prepared in 2003 as reflected in Mr. Morris' Affidavit attached to Fed. Def. Supple. Memo, Exhibit 4, ¶ 11 of said Affidavit.

6

audit four US-funded construction projects this spring, after discovering that the Massachusetts Highway Department had failed to monitor construction compliance and federal anti-discrimination regulations for more than eight years, state and federal officials said yesterday."  (See Exhibit 1).

Given the recent tragic events involving the Big Dig and the now pending criminal investigations, it is not surprising but more than disappointing even after all of the interviews, record reviews and efforts made by FHWA to have federal fund recipient representatives like Defendant O'Brien and her office conduct themselves in accordance with applicable federal and state mandates and regulations, that violations of such mandates continue highlights the dilemma of Ms. Martinsen and Plaintiff Duxbury Trucking.

Ms. Martinsen and Duxbury Trucking filed complaints with both MDH and FHWA, with the FHWA Complaint filed formally while the complaint with MDH was in the form of telephone and letter communications.  These are the complaints in which FHWA found that Defendant O'Brien's office took no action, and a FHWA Complaint that got lost in the "Swamp" of a bungled, to be polite, FHWA investigation with resulting due process violations inflicted upon Ms. Martinsen and Plaintiff Duxbury Trucking.  Despite the filing of complaints by Duxbury Trucking, there was no change in the behavior of responsible state officials including Defendant O'Brien to ensure that Duxbury Trucking, and other DBEs attempting to work at the Big Dig, would not be denied due process in the investigation of its complaints to include lengthy delays, misstatements and misrepresentations to the Complainant regarding the status and likely result of the investigation into the Duxbury Complaint.  The failure of Defendant O'Brien

7

to conduct the required compliance reviews and to investigate Ms. Martinsen's complaint, as evidenced by the FHWA "Report," significantly delayed the FHWA investigation of the Duxbury Complaint, as evidenced by Mr. Morris' "Report."

Plaintiff Duxbury acknowledges the burden it faces in asking this Court to apply the doctrine of equitable estoppel to toll the statute of limitations. Duxbury has been denied access to documents that it requested under FOIA as the FHWA cited in its correspondence of November 4, 2005 to the undersigned counsel that the documents that were requested, some of which it is contended are pertinent and may in fact disclose Defendant O'Brien's personal involvement, are "exempt from disclosure" because it is claimed they were documents part of the "deliberative process." Exhibit 1 Isler-001, Exhibit 1 to Plaintiff Duxbury Trucking's Response to Federal Defendants' Supplemental Memorandum to Motion to Dismiss. Mr. Isler's letter contains seven pages of denial of Plaintiff Duxbury's FOIA requests. Additionally, the FHWA Report on Trucking Conditions in Boston, as filed with the Court, does not have any of the exhibits which are referenced in that document. A full disclosure, it is contended, of those documents, a disclosure which will occur if this Court allows this litigation to proceed against Defendant O'Brien and the Federal Defendants, will demonstrate not only that equitable tolling of the statute of limitations was required, but more importantly, that Plaintiff Duxbury's due process rights were repeatedly violated by the named federal and state Defendants.

IV.    CONCLUSION

For the reasons stated herein as well as in the pleadings incorporated in their entirety by reference, Plaintiff Duxbury respectfully requests that this Court deny Defendant O'Brien's Motion to Dismiss.

WHEREFORE the Plaintiff Duxbury Trucking respectfully requests that this honorable Court:

    a) Deny Defendant O'Brien's Motion to Dismiss; and

    b) Grant Plaintiff any other relief that it deems proper and just.

Respectfully submitted,

Duxbury Trucking, Inc.
By Its Attorneys:
SHAHEEN & GORDON, P.A.

DATED: August 11, 2006　　　　　　　　　　/s/ Arpiar G. Saunders, Jr._____
Arpiar G. Saunders, Jr.
Bar No. 442860
107 Storrs Street
P.O. Box 2703
Concord, NH 03302-2703
(603) 225-7262
asaunders@shaheengordon.com

## CERTIFICATE OF SERVICE

I, Arpiar G. Saunders, Jr., hereby certify that I have this day, August 11, 2006, served the foregoing document, upon all parties, by electronically filing a copy through the ECF System.

/s/ Arpiar G. Saunders, Jr.
Arpiar G. Saunders, Jr.

*F:\Data\clients\Duxbury Trucking Company, Inc\Objection to O'Briens Motion to Dismiss.pdf.doc*