UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Duxbury Trucking, Inc., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Massachusetts Highway Department, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 04-12118-NG |

## PLAINTIFF DUXBURY TRUCKING'S ADDITIONAL RESPONSE TO FEDERAL DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

NOW COMES Duxbury Trucking, Inc. ("Plaintiff"), by and through counsel, Shaheen & Gordon, P.A., and files an Additional Response to Federal Defendants' Supplemental Memorandum in Support of Motion to Dismiss ("SM"), and in support thereof Plaintiff states the following.

## I.   INTRODUCTION

On November 18, 2005, Plaintiff filed its Response to Federal Defendants' Supplemental Memorandum In Support of Motion to Dismiss ("Response"). Plaintiff, through counsel, filed on June 12, 2006, a Freedom of Information Act Request ("FOIA") to the U.S. Department of Transportation ("DOT"), Office of the Secretary of Transportation. The June 12, 2006 FOIA Request is attached at Tab A. Following a number of follow-up letters[1], on December 26, 2007, counsel for Plaintiff received

---

[1] Counsel for Plaintiff copied Assistant U.S. Attorney Quinlivan and his predecessor on all FOIA correspondence to include the initial June 12, 2006 correspondence.

correspondence dated December 21, 2007[2] from Ms. Regina L. Raiford, OIGFOIA/Privacy Act Officer, Office of The Inspector General, DOT, with an attached copy of the DOT/OIG ("Office of Inspector General") February 24, 2006 Report of Investigation titled "Mismanagement and Possible Conflict of Interest by FHWA Office of Civil Rights in Washington, DC" consisting of "78 pages of documents" with "a total 43 pages…withheld." Ms. Raiford's December 21, 2007 correspondence with attached Report of Investigation is attached at Tab B and is bates stamped OIG-001 through OIG-086. Plaintiff files this Additional Response to provide the Court a copy of the February 24, 2006 Report of Investigation with a brief analysis to aid the Court in addressing the federal defendants' Motion to Dismiss.

## II.   THE DOT/OIG INVESTIGATION

Plaintiff files this Additional Response because the documents produced by Ms. Raiford, despite redaction and withheld information, provide additional support to Plaintiff's contention that the federal defendants are not entitled to qualified immunity from Plaintiff's claims as the DOT/OIG Report of Investigation, dated February 24, 2006, contains SYNOPSIS, DETAILS and CONCLUSIONS, all of which are helpful to the issues before the Court to include, but not limited to these DOT/OIG Report of Investigation contents:

- o  SYNOPSIS. Paragraph[3] 2 (p. 2 of 7): "DOT/OIG found that FHWA ERC mismanaged Susan MARTINSEN complaint by failing to make appropriate referrals to other agencies during the initial phases of the investigation in September 2001.  Additionally, FHWA Office of Civil Rights, Headquarters,

---

[2] Ms. Raiford's correspondence referes to Plaintiff's counsel's FOIA request as dated July 12, 2006. The correct date is June 12, 2006.

[3] The paragraphs in the Report of Investigation are not numbered. Plaintiff's counsel, as an aid to the Court and other readers of this Pleading, has counted the Report's paragraphs starting with the first paragraph in the SYNOPSIS section and counting in order all paragraphs concluding with the final paragraph in the CONCLUSION section of the Report.

2

        Washington DC, failed to provide oversight and guidance to the FHWA ERC Civil Rights Team". (OIG-004).
- SYNOPSIS. Paragraph 6 (p. 2 of 7): "DOT/OIG also found that [redacted] draft report lacked substantive evidence which supported the conclusions reached in the report. Finally, FHWA OCR management failed to recognize FHWA Civil Rights staff level of expertise to handle a complaint of this magnitude. FHWA OCR management should have asserted more authority and attempt to rectify the situation in a timely manner. All the factors mentioned above contributed to FHWA OCR substantial delay of issuing the Letter of Finding (LOF) on February 27, 2003 to MARTINSEN." (OIG-004).
- CONCLUSION. Paragraph 33 (p. 6 of 7): "FHWA OCR officials should reconsider the practice of spouses employed within the agency from working on the same highly sensitive civil rights case, which could be perceived as a conflict of interest. Additionally, FHWA OCR should have referred the appropriate issues to the various governmental entities and issued report, in a timely manner." (OIG-008).

### III. ARMSTEAD CONFLICT OF INTEREST

The Report of Investigation supports all of the Plaintiff's contentions in its Response except one; it does not find a conflict of interest by reason of the involvement of Arthur Armstead and his wife Brenda Armstead in the review of Ms. Martinsen's Complaint. The Report's conclusion, with regard to the Plaintiff's claim of the conflict of interest, was that there was no conflict because Mr. Armstead "believed the Duxbury suffered from discrimination" and his wife disagreed. SYNOPSIS. Paragraph 4 (pp. 1 of 7 and 2 of 7) (OIG-003, OIG-004). In fact, DOT/OIG found that Mr. Armstead "concurred with [the Silva] Report in 2001, which stated that Susan MARTINSEN trucking firm DUXBURY was discriminated against by the Massachusetts Highway Authority ("MHA") on the Central Artery Tunnel/Project ("CA/T"). SYNOPSIS. Paragraph 5 (p. 2 of 7) (OIG- 004).

Further, Mr. Armstead was found by DOT/OIG: DETAILS. Paragraph 22 (p. 5 of 7). "[DELETED] agreed with [DELETED] with the draft report that the DUXBURY trucking firm Title VI (Civil Rights) were violated, however he mentioned that the labor issues should have been referred to the Department of Labor (DOL) immediately. [DELETED] stated that based on the investigation conducted by [DELETED], the

3

MARTINSEN'S were entitled to two years of monetary relief, which is the difference of lost wages prior to the UPLIFT AGREEMENT being put in place." (OIG-007).

With regard to the conflict of interest, Mr. Armstead is reported to have said: DETAILS. Paragraph 23 (p. 5 of 7). "CASE AGENT asked [DELETED] about a conflict of interest between himself and his wife [DELETED]. [DELETED] responded that he did not agree with [DELETED] on the disposition of this matter, therefore no conflict of interest existed." (OIG-007).

The DOT/OIG Report of Investigation SYNOPSIS with regard to Mr. Armstead is important to the Court's review of the defendants' Motion to Dismiss in light of Mr. Armstead's Affidavit, Exhibit 5 to Defendants' SM. A fair reading of Mr. Armstead's Affidavit shows it at great odds with the SYNOPSIS, DETAILS and CONCLUSION of the DOT/OIG Report of Investigation. Rather, as detailed in Plaintiff's November 18, 2005 Response, the allegations against Mr. Armstead are in line with the DOT/OIG Report of Investigation. Mr. Armstead concurred with the Silva Report that the Plaintiff had been subject to discrimination and, therefore, was entitled to monetary damages. Plaintiff produced four affidavits that state that Mr. Armstead discussed with Mr. and Ms. Martinsen and other individuals the Silva Report, disclosed his agreement with the Silva Report that monetary damages were a necessary remedy and, therefore, that the end product of the investigation of Ms. Martinsen's Complaint would be a reward of money.

There is no other way to fairly read the DOT/OIG Report of Investigation with regard to Mr. Armstead. While there may not have been a formal "conflict of interest" between Mr. and Ms. Armstead with regard to Ms. Martinsen's Complaint, there is a fact basis on which Ms. Martinsen relied and, therefore, waited for the FHWA to issue a Letter of Finding (LOF), a wait that the DOT/OIG Report of Investigation characterized as a "substantial delay." SYNOPSIS. Paragraph 7 (p. 2 of 7) (OIG-004).

4

The Court is asked to review the Affidavit of Arthur Armstead attached as Exhibit 5 to the Federal Defendants' SM.  The Affidavit, in particular paragraphs 3, 6, and 9, stands in stark contrast with the DOT/OIG Report.  Assuming that the DOT/OIG Report of Investigation has integrity, Mr. Armstead's Affidavit clearly reflects a federal official who is "plainly incompetent" or knowingly states untruths, and by such actions is not entitled to claim a qualified immunity defense.  Ms. Armstead's Affidavit suffers the same fate.

## IV. CONCLUSION

A fair reading of the Raiford documents and a rereading of the named federal defendants' affidavits attached to the Federal Defendants' SM, together with the affidavits attached to the Plaintiff's November 18, 2005 Response, mandate that the Federal Defendants' Motion to Dismiss be denied because the facts of record, including the DOT/OIG Report of Investigation, reflect:

- Regard to the Equitable Tolling of the Statute of Limitation: "Finally, FHWA OCR [Office of Civil Rights] Management failed to recognize FHWA Civil Rights staff level of expertise to handle a complaint or [sic] this magnitude.  FHWA OCR Management should have asserted more authority and attempted to rectify the situation in a timely manner.  All the factors mentioned above contributed to FHWA OCR substantial delay in issuing a Letter of Finding ("LOF") on February 27, 2003 to Ms. Martinsen."  Report of Investigation, SYNOPSIS.  Paragraph 7 (p. 2 of 7)  (OIG-004).
- With regard to the federal defendants' claim of qualified immunity, the DOT/OIG February 24, 2006 Report of Investigation places the named defendants' affidavits

attached to the Federal Defendants' SM into question with regard to the completeness and truthfulness.

The February 24, 2006 DOT/OIG Report of Investigation, despite its redactions, fully supports Plaintiff's November 18, 2005 Response to Federal Defendants' Supplemental Memorandum as accurate and creditable and, in turn, place the named federal defendants' conduct in the matter beyond the protection of qualified immunity. The DOT/OIG Report of Investigation read together with the Isler November 4, 2005 response to Plaintiff's counsel March 29, 2004 FOIA request, attached to Plaintiff's November 18, 2005 Response at Exhibit 1, confirm the "swamp" into Ms. Martinsen's Complaint was dropped by the federal defendants, and place each of the named federal defendants' affidavits attached to their SM into serious question with regard to completeness and truthfulness. The Federal Defendants' Motion to Dismiss must be denied. The Plaintiff has produced evidence that the named federal defendants' claim of qualified immunity is not objectively reasonable. Burns v. Loranger, 907 F.2d 233, 235-36 (1st Cir. 1990).

WHEREFORE the Plaintiff Duxbury Trucking respectfully requests that this Honorable Court:

    a) Deny Federal Defendants' Motion to Dismiss;

    b) Award Plaintiff reasonable attorney's fees and costs; and

    c) Grant Plaintiff any other relief that it deems proper and just.

                                    Respectfully submitted,
                                    Duxbury Trucking, Inc.
                                    By Its Attorneys:
                                    SHAHEEN & GORDON, P.A.

DATED:  January 4, 2008                      /s/ Arpiar G. Saunders, Jr.
                                                    Arpiar G. Saunders, Jr.
                                                    Bar No. 442860
                                                    107 Storrs Street
                                                    P.O. Box 2703
                                                    Concord, NH 03302-2703
                                                    (603) 225-7262
                                                    asaunders@shaheengordon.com

## CERTIFICATE OF SERVICE

     I, Arpiar G. Saunders, Jr., hereby certify that I have this day, January 4, 2008, served the foregoing document, upon all parties, by electronically filing a copy through the ECF System.

                                                      /s/ Arpiar G. Saunders, Jr.
                                                      Arpiar G. Saunders, Jr.

*G:\clients\Duxbury Trucking Company, Inc\Additional Response to Federal Defendants' Supplemental Memorandum in Support of Motion to Dismiss.doc*