

**U.S. Department of Transportation**
Office of the Secretary
of Transportation

The Inspector General

RECEIVED
DEC 26 2007
BY:_____
Office of Inspector General
Washington, D.C. 20590

DEC 21 2007

Mr. Arpiar Saunders
107 Storrs Street
P.O. Box 2703
Concord, NH 03302

RE: FOIA Request No. FI-06-074

Dear Mr. Saunders:

This letter is in response to your Freedom of Information Act (FOIA) request dated July 12, 2006, sent to the U.S. Department of Transportation (DOT), Office of the Secretary of Transportation (OST). You requested copies of all documents concerning an investigation that was completed regarding the Federal Highway Administration (FHWA) and the Massachusetts Highway Department of Transportation allegedly failing to ensure contractor compliance with applicable federal and state laws. The attached materials are responsive to your request.

We are producing a total of 78 pages of documents. You will note that some information was redacted pursuant to exemptions provided by the Freedom of Information Act (5 U.S.C. § 552(b) (6)). Exemption (6) protects names and any data identifying individuals if public disclosure would be a clearly unwarranted invasion of privacy.

In addition to the information that was redacted, a total of 43 pages were withheld. There were 27 pages withheld based on Exemption (5). Exemption (5) protects documents that are predecisional and a direct part of the deliberative process. There were 16 pages withheld based on Exemption (6). Also, there were 131 pages that originated at the Federal Highway Administration (FHWA), and those documents are being coordinated with that agency pursuant to 49 C.F.R. 7.16. The appropriate personnel from FHWA will review the documents and respond directly to you.

This letter closes your FOIA request and no further action is contemplated regarding this matter.

The FOIA gives you the right to appeal adverse determination to the appeal official for the agency. An appeal must be filed within 30 days of receiving a response. The appeal official for the OIG is the Assistant Inspector General, Brian A. Dettelbach. Any appeal should contain all facts and arguments that you propose warrant a more favorable determination.

2

Also, please reference FOIA No. FI-06-074 in any correspondence. Appeals to Mr. Dettelbach should be prominently marked as a "FOIA Appeal" addressed to: U.S. Department of Transportation, Office of Inspector General, 1200 New Jersey Avenue, SE, 7th Floor West (J-3), Washington, DC 20590.

If you have any questions regarding your request, please contact me at (202) 366-6131. Any written correspondence should reference the above FOIA number. For additional information regarding FOIA, you may visit the Government Printing Office's website (www.gpoaccess.gov/topics/index.html) to obtain a copy of "A Citizen's Guide On Using the Freedom of Information Act and the Privacy Act of 1974 to Request Government Records."

Sincerely,

Regina L. Raiford
OIG FOIA/Privacy Act Officer

Enclosures



U.S. Department of Transportation
Office of the Secretary of Transportation

INFORMATION REDACTED
PURSUANT TO 5 U.S.C. 552(b)(2)(6):

| REPORT OF INVESTIGATION | INVESTIGATION NUMBER<br>04IH3693001 | DATE<br>2/24/06 |
|---|---|---|
| TITLE<br><br>FHWA – Mismanagement and Possible Conflict of Interest by FHWA Office of Civil Rights in Washington, DC | PREPARED BY INVESTIGATOR<br>[redacted] | STATUS<br><br>FINAL |
|  | DISTRIBUTION<br>[redacted] | [redacted] 1/6<br>APPROVED BY<br>[redacted] |

## SYNOPSIS

On March 29, 2004, the United States Department of Transportation (DOT), Office of Inspector General (OIG), Complaint Center received correspondence from Arpiar G. SAUNDERS, Attorney on behalf of Susan H. MARTINSEN, owner of DUXBURY TRUCKING COMPANY[1], alleging that an actual or apparent conflict of interest existed between [redacted]

On September 27, 2000, Susan MARTINSEN filed a complaint with the FHWA alleging gender discrimination, on the Central Artery/Tunnel Project (CA/T) in Boston, Massachusetts. MARTINSEN alleged that due to gender discrimination, DUXBURY TRUCKING was denied work assignments hauling dirt on CA/T worksites from 1996 to 1998. MARTINSEN claimed that as a result of these discriminatory practices on the CA/T, DUXBURY was forced to cease trucking operations and subsequently went out of business.

The results of the investigation did not uncover any evidence of criminal activity or substantiate that [redacted] and [redacted] were involved in a conflict of interest, regarding the civil rights complaint filed by Susan H. MARTINSEN in September 2000.

DOT/OIG found that no conflict of interest existed between [redacted] and [redacted] because the [redacted] did not agree on the disposition of the case. [redacted] believed that DUXBURY suffered from discrimination and [redacted]

---

[1] DUXBURY TRUCKING a certified woman owned business located at 83 Blodgett Avenue, Duxbury, Massachusetts 02332.

IG F 1600.2 (5-86)

DEPARTMENT OF TRANSPORTATION - OFFICE OF INSPECTOR GENERAL

1 of 7

FOR OFFICIAL USE ONLY
(Public availability to be determined under 5 U.S.C. 552)

INFORMATION REDACTED
PURSUANT TO 5 USC 552(b)(6)

▓▓▓▓▓ disagreed. ▓▓▓▓▓ concurred with ▓▓▓▓▓ report in July 2001, which stated that Susan MARTINSEN trucking firm DUXBURY was discriminated against by the Massachusetts Highway Authority (MHA) on the Central Artery Tunnel/Project (CA/T). ▓▓▓▓▓ did not concur with ▓▓▓▓▓ draft report, which stated that DUXBURY was entitled to monetary damages because the firm's civil rights were violated.

DOT/OIG found that FHWA ERC mismanaged Susan MARTINSEN complaint by failing to make appropriate referrals to other agencies during the initial phases of the investigation in September 2001. Additionally, FHWA Office of Civil Rights, Headquarters, Washington, DC failed to provide oversight and guidance to the FHWA ERC Civil Rights Team.

DOT/OIG also found that ▓▓▓▓▓ draft report lacked substantive evidence, which supported the conclusions reached in the report. Finally, FHWA OCR management failed to recognize FHWA Civil Rights staff level of expertise to handle a complaint or this magnitude. FHWA OCR management should have asserted more authority and attempted to rectify the situation in a timely manner. All the factors mentioned above contributed to FHWA OCR substantial delay in issuing the Letter of Finding (LOF) on February 27, 2003 to MARTINSEN.

In October 2004, Susan MARTINSEN filed a civil lawsuit[2] in United States District Court alleging that the FHWA lack of oversight and failure to enforce the civil rights laws, under 23 USC Section 324, Title VI (Civil Rights), resulted in DUXBURY TRUCKING suffering monetary damages, in the amount of $15 million.

On September 13, 2005, United States District Judge Nancy GERTNER denied the FHWA Office of Chief Counsel's motion to dismiss, the civil lawsuit. As of February 2006, the civil lawsuit between MARTINSEN/DUXBURY and FHWA officials[3] is ongoing.

---

[2] Four counts were alleged in the lawsuit:

I: Discrimination on the basis of sex in violation of 23 USC 324 as enforceable through Title VI of the Civil Rights Act of 1964 (42 USC 2000d) (Claimed against MHA and MTA)

II: Violation of Procedural Due Process Contrary to 42 USC 1983 and the fourteenth amendment to the United States Constitution (Claimed against MHA and MTA)

III: Violation of Procedural Due Process Contrary to the Due Process Clause of the Fifth Amendment of the United States Constitution (Claimed against Defendant ▓▓▓▓▓)

IV: Conspiracy to Deprive Plaintiff of its Due Process Rights Under the Fifth Amendment to the United States Constitution (Claimed against ▓▓▓▓▓).

▓▓▓▓▓

IG F 1600.2 (5-86)

**DEPARTMENT OF TRANSPORTATION - OFFICE OF INSPECTOR GENERAL**

2 of 7

**FOR OFFICIAL USE ONLY**
(Public availability to be determined under 5 U.S.C. 552)

OIG-004

INFORMATION REDACTED
PURSUANT TO 5 U.S.C. 552(b)(6)

**DETAILS:**

By way of the background, DUXBURY TRUCKING, a Certified Woman Owned Business Enterprise (WBE/DBE)[4], filed a civil rights complaint in September 2000 with the FHWA Office of Civil Rights (OCR). DUXBURY alleged that the Massachusetts Highway Department (MHD) failed to ensure that (CA/T) prime contractors complied with contract provisions and civil rights violations pursuant to 23 USC Section 324 – the statute prohibiting discrimination based on sex under any highway programs or activities receiving federal assistance and unequal prevailing rate laws, which adversely impacted WBEs. Additionally, DUXBURY alleged that MHD's lax oversight over prime contractors, forced DUXBURY to park its vehicles and go out of business. **(Attachment 1)**

From September 2001 to February 2003, FHWA conducted an inquiry into the matter and found that insufficient evidence existed to support a finding that DUXBURY was discriminated against on the basis of gender. **(Attachment 2)** In January 2004, DUXBURY sent correspondence to FHWA Office of Civil Rights (OCR) requesting that they re-examine the disposition of the discrimination complaint filed by DUXBURY.

In March 2004, DUXBURY filed complaints with FHWA Office of Chief Counsel and DOT/OIG Complaint Center alleging "a lack of procedural and substantive fairness and possible conflict of interest in the FHWA investigation and review of the DUXBURY civil rights complaint". **(Attachments 3 & 4)**

From February 2004 to May 2004, FHWA informed MARTINSEN/DUXBURY the disposition has not changed on the matter. **(Attachment 5)**

In June 2004, DOT/OIG, Cambridge Field Office (JRI-1), Cambridge, Massachusetts conducted a preliminary inquiry and did not find any substantive criminal issues which warranted further DOT/OIG inquiry. However, Special Agent-in-Charge (SAC) ▓▓▓▓ recommended that either DOT/OIG (Program Integrity Investigation Services) (JI-3) or DOT/OIG (Washington Field Office) (JRI-3) review the potential conflict of interest issues between ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ **(Attachment 6)**

From July 2004 to December 2005, CASE AGENT conducted interviews with several key witnesses, reviewed documents and monitored the civil litigation between MARTINSEN/DUXBURY and the FHWA employees.

---

[4] A DBE/WBE under the USDOT program is a for-profit small business owned and controlled by individuals who are socially and economically disadvantaged. Individuals in certain racial and ethnic groups (e.g., African Americans, women) are presumed to be socially disadvantaged. See 49 C.F.R. Part 26.

IG F 1600.2 (5-86)

**DEPARTMENT OF TRANSPORTATION - OFFICE OF INSPECTOR GENERAL**

3 of 7

**FOR OFFICIAL USE ONLY**
(Public availability to be determined under 5 U.S.C. 552)

OIG-005

INFORMATION REDACTED
PURSUANT TO 5 USC 552(b)((6))

DOT/OIG interviewed ▓▓▓ regarding the DUXBURY matter. ▓▓▓ stated that ▓▓▓ was not pleased with the initial report prepared by ▓▓▓ July 2001. (**Attachment 8**) ▓▓▓ draft report was approximately 1,200 pages and found that DUXBURY TRUCKING [6] was discriminated against and was entitled monetary damages.

▓▓▓ disapproved of the draft report and directed ▓▓▓, FHWA to conduct further investigation. In February 2002, ▓▓▓ completed her preliminary report. ▓▓▓ draft report found no discrimination, which were different findings from ▓▓▓ initial draft report that found discrimination. ▓▓▓ was not pleased with either ▓▓▓ or ▓▓▓ draft reports. ▓▓▓ deemed ▓▓▓ draft report inconclusive because the report lacked evidence. It was reported that ▓▓▓ released the draft report to MARTINSEN without authorization, which caused FHWA significant problems. (**Attachment 9**)

In March 2002, ▓▓▓ exchanged correspondence with MARTINSEN informing her that whatever information she received through unofficial channels did not reflect FHWA's official position on the matter, subsequently, on February 27, 2003, ▓▓▓ issued a final report. ▓▓▓ report found that MARTINSEN's discrimination claims was unsubstantiated. (**Attachment 2**) However, ▓▓▓ report did uncover potential prevailing wage issues, which were forwarded to the Department of Labor (DOL), and alleged fraud involving the owner controlled insurance program (OCIP), which was referred to DOT/OIG Cambridge, Massachusetts. (**Attachment 10**)

DOT/OIG Cambridge, Massachusetts Office (JRI-1) provided a response to the FHWA referral from February 2004 and addressed all the labor issues which were raised. In particular, DOT/OIG (JRI-1) met with ▓▓▓ to discuss the draft report that he prepared in July 2001. ▓▓▓ opined that hourly fringe and pension benefit payments for truck drivers who did not meet the annual 600 hour employment requirement were somehow being misappropriated.

JRI-1 interviewed ▓▓▓ and ▓▓▓ was short on details and delayed his response for several months and ultimately provided SAC ▓▓▓ newspaper articles and his theories regarding a conspiracy between. There were no facts to support ▓▓▓ his conclusions. JRI-1 referred the matter to the Department of Labor, Office of Inspector General (DOL/OIG), who declined to intervene in the matter due to the events occurring in 1997. (**Attachment 10**)

---

▓▓▓ lawsuit filed in October 2004 ▓▓▓ MARTINSEN/DUXBURY civil

[6] DUXBURY TRUCKING is a certified disadvantaged business enterprise (DBE) women owned business.

IG F 1600.2 (5-86)

**DEPARTMENT OF TRANSPORTATION - OFFICE OF INSPECTOR GENERAL**

4 of 7

**FOR OFFICIAL USE ONLY**
(Public availability to be determined under 5 U.S.C. 552)

OIG-006

INFORMATION REDACTED
PURSUANT TO 5 U.S.C. 552(b)(6)

DOT/OIG interviewed ███████████, ███████████, (ERC), FHWA in Baltimore, Maryland regarding his knowledge of the DUXBURY matter and to discuss potential conflict of interest issues. ███████████ served as a civil rights investigator and ███████████ immediate supervisor, during the DUXBURY investigation. **(Attachment 11)**

███████████ agreed with ███████████ draft report that the DUXBURY trucking firm Title VI (Civil Rights) were violated, however he mentioned that the labor issues should have been referred to the Department of Labor (DOL) immediately. ███████████ stated that based on the investigation conducted by ███████████, the MARTINSENS' were entitled to two years of monetary relief, which is the difference of lost wages prior to the UPLIFT AGREEMENT[8] being put in place.

CASE AGENT asked ███████████ about a conflict of interest between himself and his wife ███████████. ███████████ responded that he did not agree with ███████████ on the disposition of this matter, therefore no conflict of interest existed.

CASE AGENT asked ███████████ if he recalled telling the MARTINSENS' during a telephone conversation that they were going to see "dollar signs". ███████████ denied telling the MARTINSENS' that they were going to see "dollar signs".

CASE AGENT asked ███████████ if he removed documents from ███████████ workspace without ███████████ permission. ███████████ stated that FHWA OCR directed him to remove the DUXBURY/MARTINSEN case files from ███████████ workspace. ███████████ advised that he later returned the case files to FHWA OCR Headquarters in Washington, DC.

DOT/OIG interviewed ███████████, ███████████, (FHWA) regarding her knowledge of the DUXBURY investigation and to discuss the conflict of interest allegations. ███████████ stated that in March 2002, she was directed by ███████████, former Associate Administrator Office of Civil Rights, FHWA, to prepare a report on the DUXBURY TRUCKING investigation. **(Attachment 11)**

███████████ reported that her husband ███████████ who supervised ███████████, agreed with the investigation prepared by ███████████. According to ███████████ report DUXBURY TRUCKING was entitled to monetary relief due to discrimination against, while performing work on the CA/T. ███████████ asserted that she totally disagreed with the findings in ███████████ report.

---

[7] ███████████ retired from the FHWA in January 2004
[8] UPLIFT AGREEMENT- In 1997, a group of truckers on the CA/T threatened to strike, if they did not receive a pay raise while working on the CA/T. As a result of the work stoppage, labor rates increased from $44 per hour to $65.

IG F 1600.2 (5-86)

**DEPARTMENT OF TRANSPORTATION - OFFICE OF INSPECTOR GENERAL**

5 of 7

**FOR OFFICIAL USE ONLY**
(Public availability to be determined under 5 U.S.C. 552)

INFORMATION REDACTED
PURSUANT TO 5 U.S.C. 552(b) (6)

Susan MARTINSEN advised that she was told that she would be receiving approximately $600,000 in monetary relief due to discrimination of her woman owned business (DUXBURY TRUCKING, INC). ▓▓▓▓▓▓ reported that ▓▓▓▓▓ inappropriately provided Susan MARTINSEN with an unofficial copy of ▓▓▓▓▓ investigative report. **(Attachment 12)**

## CONCLUSION:

In October 2004, DUXBURY filed a civil lawsuit against in the United States District Court for the District of Massachusetts alleging that the FHWA employees conspired to deprive DUXBURY of its property rights under the Due Process Clause of the Fifth Amendment. **(Attachment 7)**

In September 2005, U.S. Department of Justice Trial Attorneys representing the FHWA employees filed a motion to dismiss on behalf of the FHWA officials named in the lawsuit. As of February 2006, the civil litigation is ongoing and the motion to dismiss was denied.

The results of this investigation did not uncover evidence, which could substantiate the allegations of conflict of interest between ▓▓▓▓▓▓▓▓▓ and ▓▓▓▓▓▓▓▓▓. Based on the fact, that the ▓▓▓▓▓▓ reached different conclusions on how the DUXBURY matter should have been remedied, it is difficult to develop a motive for a conflict of interest.

OCR does not have authority to award damages. OCR utilizes compliance plans, diversity training, affirmative action checks, and goals for employment as methods to improve the civil rights posture. FHWA's report found insufficient evidence to support the MARTINSEN's discrimination claim.

FHWA OCR officials should reconsider the practice of spouses employed within the agency from working on the same highly sensitive civil rights case, which could be perceived as a conflict of interest. Additionally, FHWA OCR should have referred the appropriate issues to the various governmental entities and issued report, in a timely matter.

In light of the foregoing, the OIG considers this investigation closed with no further action pending.

- # -

IG F 1600.2 (5-86)

**DEPARTMENT OF TRANSPORTATION - OFFICE OF INSPECTOR GENERAL**

6 of 7

**FOR OFFICIAL USE ONLY**
(Public availability to be determined under 5 U.S.C. 552)

OIG-008

**INDEX OF ATTACHMENTS**　　　INFORMATION REDACTED PURSUANT TO 5 U.S.C. 552(b)(6)

| No. | DESCRIPTION |
|---|---|
| 1. | Complaint filed by Susan MARTINSEN on FHWA Office of Civil Rights (OCR) dated September 27, 2003 |
| 2. | Edward MORRIS, Associate Administrator for Civil Rights, FHWA response to Susan MARTINSEN complaint filed September 27, 2000 dated February 27, 2003 |
| 3. | Susan MARTINSEN/DUXBURY TRUCKING complaint to FHWA dated March 1, 2004 |
| 4. | Susan MARTINSEN/DUXBURY TRUCKING complaint to DOT/OIG Complaint Center dated March 29, 2004 |
| 5. | FHWA's response to MARTINSEN/DUXBURY complaint titled FHWA Office of Civil Rights – "Report on Its Review of the Trucking Situation in Boston" dated May 7, 2004 |
| 6. | [redacted] |
| 7. | MARTINSEN/DUXBURY civil lawsuit filed against FHWA, MHD officials dated October 2004 |
| 8. | [redacted] |
| 9. | [redacted] |
| 10. | [redacted] |
| 11. | [redacted] |
| 12. | [redacted] |
| 13. | [redacted] |
| 14. | [redacted] |



IG F 1600.2 (5-86)

**DEPARTMENT OF TRANSPORTATION - OFFICE OF INSPECTOR GENERAL**

7 of 7

**FOR OFFICIAL USE ONLY**
(Public availability to be determined under 5 U.S.C. 552)

OIG-009



U.S. Department of
Transportation
Office of the Secretary
Of Transportation

Office of Inspector General

# Memorandum

**INFORMATION REDACTED PURSUANT TO 5 U.S.C. 552(b)(6)**

Subject: INFORMATION: Investigation# 04IH3693001 (Mismanagement and Possible Conflict of Interest by FHWA Office of Civil Rights)

Date: February 24, 2006

From: Kathryn Jones, Special Agent-in-Charge, Washington, DC, Field Office (JRI-3)

Reply to Attn of: ███████

To: ███████
Chief, Management Programs and Analysis Division

Attn: ███████ HAIM-13

On March 29, 2004, the United States Department of Transportation (DOT), Office of Inspector General (OIG), Complaint Center received correspondence from Arpiar G. SAUNDERS, Attorney on behalf of Susan H. MARTINSEN, owner of DUXBURY TRUCKING COMPANY[1], alleging that an actual or apparent conflict of interest existed between ███████, Director of Adjudication, Civil Rights Office, Federal Highway Administration (FHWA) and ███████, former Director, Office of Civil Rights (OCR), Eastern Resource Center (ERC), FHWA, Baltimore, Maryland regarding the gender discrimination complaint filed by Susan MARTINSEN to FHWA OCR in September 2000[2].

The results of this investigation did not uncover evidence, which could substantiate the allegations of conflict of interest between ███████ and ███████

---

[1] DUXBURY TRUCKING a certified woman owned business located at 83 Blodgett Avenue, Duxbury, Massachusetts 02332.
[2] Susan MARTINSEN alleged that due to gender discrimination, DUXBURY TRUCKING was denied work assignments hauling dirt on CA/T worksites from 1996 to 1998.

1

INFORMATION REDACTED
PURSUANT TO 5 U.S.C. 552(b)(6)

In light of the foregoing, DOT/OIG recommends the following:

(1) FHWA OCR officials reconsider the practice of spouses employed within FHWA from working on the same highly sensitive civil rights case.

(2) FHWA OCR should refer appropriate issues outside the scope of FHWA OCR jurisdiction to various governmental entities, in a timely matter.

(3) FHWA OCR should develop and implement standard operating procedures for handling civil rights complaints.

(4) FHWA OCR should increase professional development and training for civil rights investigators at both the Federal and State levels.

Based on the foregoing, the OIG considers this investigation closed with no further action pending. Please feel free to contact me at (202) 260-8567, or Special Agent ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, if you have questions.

Attachments
DOT/OIG Report of Investigation dated February 24, 2006

- # -

2

OIG Investigation
04IH3693001

# Exhibit 1

To: Department of Transportation
Washington, D.C.

From: Susan H Martinsen
83 Blodgett Ave.
Duxbury, MA 02332

Sept 27, 2000

To: Whom It May Concern,

It is a failure of the Mass. Highway Dept. (Big Dig) to make sure that their contractors were complying with Mass. Prevailing Wage Laws and the Project Labor Agreement, there was no opportunity to work in trucking on the Big Dig legally.

I have never gotten as much as a parking ticket in my life then was told in order to get paid I would have to falsify documents under "the pains and penalties of perjury." I was discriminated against as a law abiding female certified WBE/DBE by being unable to work on the Big Dig legally.

As a result of Mass. Highway Big Dig allowing this to go on, I lost my equipment because I had to park it and am on the verge of declaring bankruptcy.

I am able to prove that my company took the forefront in the battle in turning this around by contacting numerous state and federal elected officials, Federal Highway Administration, Inspector General, USDOT, FBI, Department of Labor and Racketeering, Dept of Labor, the news media, etc..

a DBE, the regulations during this period [t]ime read "maximum opportunity". I [wo]uld certainly hope that it is a maximum [opp]ortunity by obeying the law.

Sincerely,
Susan H. Martinsen